[No. C012776. Third Dist. Jan. 5, 1993.]

JOSEPH RUDOLPH JUGE, SR., Plaintiff and Appellant, v.
COUNTY OF SACRAMENTO, Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II through V.

60

**COUNSEL**

Hoyle H. Kiger for Plaintiff and Appellant.

Porter, Scott, Weiberg & Delehant and Peter A. Meshot for Defendant and Respondent.

**OPINION**

**SCOTLAND, J.**—This case involves the pleading and notice requirements of a summary judgment proceeding. We are presented with the

question whether the trial court may grant a motion for summary judgment upon a ground of law not explicitly tendered by the moving party, i.e., a ground of law identified by the trial court rather than by the movant, if application of that law to an undisputed material fact put in issue by the parties' separate statements of undisputed material facts is dispositive of a cause of action presented by the pleadings.

To answer this question, we first examine the procedural and substantive requirements of California's summary judgment statute, and conclude that Code of Civil Procedure section 437c requires the party seeking summary judgment to state with specificity in its moving papers each of the grounds of law upon which the party is relying in contending the action has no merit or there is no defense to the action. If the parties' separate statements of material facts and evidence in support thereof include an undisputed material fact which is dispositive of the action, but the moving party has overlooked the legal significance of that fact and has neglected to cite the applicable ground of law as a basis for summary judgment, the trial court need not address the issue. In other words, the court may deny the motion even if the court recognizes the legal significance of the undisputed material fact and knows it would entitle the party to summary judgment if the issue had been explicitly tendered in the moving papers.

On the other hand, as we shall explain, the moving party's failure to comply with this pleading requirement of Code of Civil Procedure section 437c does not prevent the trial court from granting the motion for summary judgment upon a ground of law not explicitly tendered by the moving party. If the court identifies a ground of law which is dispositive of the action when applied to an undisputed material fact included in the parties' separate statements of undisputed material facts, the court may exercise its discretion to grant the motion for summary judgment on said ground even though it was not explicitly tendered by the moving party. However, when the court does so, due process of law requires that the party opposing the motion must be provided an opportunity to respond to the ground of law identified by the court and must be given a chance to show there is a triable issue of fact material to said ground of law.

In this case, plaintiff alleged he was injured when he lost control of his bicycle while rounding a curve on defendant's negligently designed bicycle trail. In seeking summary judgment on grounds other than lack of causation, defendant alleged as undisputed material facts that plaintiff was traveling at a speed less than 13 miles per hour at the time of the accident, and that the curve was safely designed for said speed. When plaintiff failed to dispute these facts, the trial court ruled that defendant had negated causation, an

essential element of plaintiff's cause of action. Thus, the court granted the motion for summary judgment even though defendant had not explicitly tendered lack of causation as a ground warranting summary judgment. Because plaintiff was given notice of the court's intended decision and was provided an opportunity to show the existence of a triable issue of fact material to causation and could not do so, we conclude the trial court properly exercised its discretion to grant defendant's motion for summary judgment based on a ground of law identified by the trial court rather than by the moving party. Accordingly, we shall affirm the ensuing judgment of dismissal.

### FACTS AND PROCEDURAL BACKGROUND

Plaintiff lost control of his bicycle as he rounded the El Manto curve on the American River Bicycle Trail, and crashed into an oncoming bicyclist. The accident rendered plaintiff a quadriplegic.

He brought this action against defendant County of Sacramento, alleging negligence and premises liability. As to defendant's purported negligence, plaintiff alleged that, in designing and constructing the bicycle trail, defendant negligently failed to use design criteria and uniform specifications established by the California Department of Transportation (Caltrans) pursuant to the California Bikeways Act. (Sts. & Hy. Code, §§ 2374-2376.) Specifically, plaintiff alleged that defendant negligently "failed to utilize proper curve radiuses, design standards, warnings and design geometrics," thereby creating a dangerous condition of public property which proximately caused plaintiff's injury. As to premises liability, plaintiff repeated the aforesaid allegations and added that defendant owned the property, created the dangerous condition, and had notice of the danger in time to have corrected it.

Defendant moved for summary judgment on two grounds: its design of the bikeway is protected by design immunity (Gov. Code, § 830.6[1]) and is not

---

[1]Government Code section 830.6 provides in part: "Neither a public entity nor a public employee is liable under this chapter for an injury caused by the plan or design of a construction of, or an improvement to, public property where such plan or design has been approved in advance of the construction or improvement by the legislative body of the public entity or by some other body or employee exercising discretionary authority to give such approval or where such plan or design is prepared in conformity with standards previously so approved, if the trial or appellate court determines that there is any substantial evidence upon the basis of which (a) a reasonable public employee could have adopted the plan or design or the standards therefor or (b) a reasonable legislative body or other body or employee could have approved the plan or design or the standards therefor."

subject to the statutory "trap exception" (Gov. Code, § 830.8[2]); and the California Bikeways Act was not in effect when the bicycle trail was designed and does not apply retroactively.

In support of its motion, defendant submitted a statement of material facts which defendant contended were undisputed. (Code Civ. Proc., § 437c, subd. (b).) Among other things, this statement asserted: (1) "At the time of the accident, plaintiff Juge was biking in an easterly direction at a recreational speed of 10 to 12 m.p.h[.], or slower," and (2) "The speed of 13 m.p.h. or less was a safe speed when negotiating the [El Manto] curve, in relation to its radius." Exhibits submitted by defendant included excerpts from a deposition in which plaintiff testified he had been traveling "[n]ominally, between ten and twelve miles an hour," had slowed "quite a bit" for an approaching ranger's truck at an intersection near the El Manto curve, and then increased his speed because he "was really going pretty slow." Defendant also submitted the declaration of another rider who testified that plaintiff did not enter the curve rapidly, and the declaration of traffic engineer Arnold Johnson who stated that "[a] speed of 13 m.p.h. or less is a proper and safe design speed for the [El Manto] curve in relation to its design radius."

In opposition to the motion for summary judgment, plaintiff did not deny he was traveling at a speed of 12 miles per hour or less. As to the design of the El Manto curve, plaintiff submitted the declaration of traffic engineer Allen L. Weber who stated the curve had a radius of 25 feet and a sight distance of 60 feet, whereas Caltrans standards predicated on speeds of 20 miles per hour require a radius of 60 feet and a sight distance of 125 feet.

The trial court granted summary judgment, ruling: "The defendant has negated an essential element of each theory of plaintiff's claim, namely causation. The declaration of Johnson is evidence that the design was adequate, and that no warning was needed, for a cyclist traveling at 13 miles [per hour] or under. The only evidence of the speed of plaintiff is that he was going 12 miles per hour or less. The declaration of Weber does not support the conclusion that the design was inadequate for a 13 mile per hour speed, or that a warning was needed for such a cyclist. Mr. Weber's declaration speaks of a 20 mile [per hour] speed. Any assumption that plaintiff was going faster would not be supported by any evidence."

---

[2]Government Code section 830.8 provides: "Neither a public entity nor a public employee is liable under this chapter for an injury caused by the failure to provide traffic or warning signals, signs, markings or devices described in the Vehicle Code. Nothing in this section exonerates a public entity or public employee from liability for injury proximately caused by such failure if a signal, sign, marking or device (other than one described in Section 830.4) was necessary to warn of a dangerous condition which endangered the safe movement of traffic and which would not be reasonably apparent to, and would not have been anticipated by, a person exercising due care."

Plaintiff appealed from the ensuing judgment of dismissal. In the published part of this opinion, we reject plaintiff's contention that, because defendant's moving papers did not explicitly seek summary judgment on the ground that defendant negated the element of causation, the trial court erred in granting summary judgment on this ground. In the unpublished portion of the opinion, we reject plaintiff's claims that the trial court erroneously determined the undisputed evidence established that plaintiff was going 12 miles per hour or less at the time of the accident, and improperly concluded the undisputed evidence established that the design of the El Manto curve was adequate and no warning was needed for a cyclist traveling 13 miles per hour or less.

DISCUSSION

I

The summary judgment proceeding permits a party to show that material factual claims put in issue by the pleadings are not in dispute and the moving party is entitled to judgment as a matter of law. (*FPI Development, Inc.* v. *Nakashima* (1991) 231 Cal.App.3d 367, 381-382 [282 Cal.Rptr. 508].) "The complaint measures the materiality of the facts tendered in a defendant's challenge to the plaintiff's cause of action." (231 Cal.App.3d at p. 381.) " 'The function of the pleadings in a motion for summary judgment is to delimit the scope of the issues[;] the function of the affidavits or declarations is to disclose whether there is any triable issue of fact within the issues delimited by the pleadings.' " (*Ibid.*, quoting *Orange County Air Pollution Control Dist.* v. *Superior Court* (1972) 27 Cal.App.3d 109, 113 [103 Cal.Rptr. 410].)

Code of Civil Procedure section 437c sets forth the procedural and substantive requirements for obtaining summary judgment. (Further section references are to the Code of Civil Procedure unless otherwise specified.)

"Any party may move for summary judgment in any action or proceeding if it is *contended* that the action has no merit or that there is no defense thereto. . . ." (§ 437c, subd. (a), italics added; see also § 437c, subd. (f) ["If it is contended that one or more causes of action within an action has no merit or that there is no defense thereto, . . . any party may move for summary adjudication as to that cause or causes of action [set out in the pleadings] . . . ."].)

Subdivision (b) of section 437c provides: "The motion shall be supported by affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken. The

supporting papers shall include a separate statement setting forth plainly and concisely all *material* facts which the moving party contends are undisputed. Each of the *material* facts stated shall be followed by a reference to the supporting evidence. . . . [¶] . . . The opposition, where appropriate, shall consist of affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken. The opposition papers shall include a separate statement which responds to each of the *material* facts contended by the moving party to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other *material* facts which the opposing party contends are disputed. Each *material* fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence. . . ." (Italics added.)

Next, section 437c, subdivision (c) states that the "motion for summary judgment shall be granted if *all the papers* submitted *show* that there is no triable issue as to any *material* fact and that the moving party is entitled to a judgment as a matter of law." (Italics added.)

Subdivision (g) of section 437c provides: "Upon the denial of a motion for summary judgment, on the ground that there is a triable issue as to one or more material facts, the court shall . . . specify one or more material facts *raised by the motion* as to which the court has determined there exists a triable controversy. This determination shall specifically refer to the evidence proffered in support of and in opposition to the motion which indicates that a triable controversy exists. Upon the grant of a motion for summary judgment, on the ground that there is no triable issue of material fact, the court shall . . . specify the reasons for its determination. The order shall specifically refer to the evidence proffered in support of, and if applicable in opposition to, the motion which indicates that no triable issue exists. The court shall also state its reasons for any other determination. . . ." (Italics added.)

█ The foregoing provisions impose on the moving party both a pleading requirement and a substantive burden in order to prevail on a motion for summary judgment. As to the pleading requirement, subdivision (a) of section 437c does not say in what form the moving party must advance the contention that the cause of action has no merit or there is no defense thereto. However, other portions of section 437c suggest the moving papers must state with specificity each of the grounds of law upon which the moving party is relying.

Subdivision (b) requires a separate statement of *material* facts which the moving party contends are undisputed, and evidence in support thereof.

"[M]ateriality depends on the *issues in the case*; evidence which does not relate to a matter in issue is *immaterial*." (*People* v. *Hill* (1992) 3 Cal.App.4th 16, 29 [4 Cal.Rptr.2d 258], italics in original.)[3] "Materiality, i.e., what matters are in issue, 'is determined mainly by the pleadings, the rules in pleading and the substantive law relating to the particular kind of case. [Citations.]' " (*Ibid.*, quoting 1 Witkin, Cal. Evidence (3d ed. 1986) § 286, pp. 255-256.) Therefore, in alleging "material facts" which the moving party contends are undisputed, it is incumbent upon the moving party to show the materiality of the facts by identifying, in the summary judgment pleadings, how the undisputed facts apply to specific issues raised by the complaint or answer and how they entitle the moving party to judgment as a matter of law. As has long been recognized, "the initial *duty to define the issues presented by the complaint* [*or answer*] and to challenge them factually *is on the* [*party*] *who seeks a summary judgment*." (*Conn* v. *National Can Corp.* (1981) 124 Cal.App.3d 630, 638 [177 Cal.Rptr. 445], italics added; accord *Pultz* v. *Holgerson* (1986) 184 Cal.App.3d 1110, 1114 [229 Cal.Rptr. 531].) This duty necessarily encompasses a pleading requirement compelling the moving papers to set forth with specificity (1) the issues tendered by the complaint or answer which are pertinent to the summary judgment motion and (2) each of the grounds of law upon which the moving party is relying in asserting that the action has no merit or there is no defense to the action.

This requirement is further indicated by subdivision (g) of section 437c which provides that, upon denial of a motion for summary judgment on the ground there is a triable issue as to a material fact, the court shall specify one or more material facts "raised by the motion." This subsection recognizes that a summary judgment motion may allege undisputed facts material to the complaint or answer but that some of those facts may not be pertinent to the summary judgment motion because they are not material to the grounds of law upon which the moving party is relying. It follows that, in seeking summary judgment, the moving party must state with specificity each of the grounds of law upon which it is relying in alleging that the action has no merit or there is no defense to the action.

A contrary rule not only would run afoul of a commonsense reading of section 437c as a whole, but also would impose an undue burden on the trial court. As a general rule, a party should not be entitled to summary judgment based on an undisputed material fact dispositive of the action if the party has not identified in the moving papers how said fact is material to the complaint or answer and how it entitles the party to summary judgment as a matter of

---

[3]In *Hill*, this court noted the common mistake of viewing the "materiality" of evidence as being synonymous with the "relevance" of that evidence. (3 Cal.App.4th at pp. 28-29.) Materiality and relevance are distinct and fundamentally different issues. (*Ibid.*)

law. Otherwise, the trial court would have the onerous burden to detect all the issues presented by the complaint and answer and then to search through the allegations of undisputed material facts and identify the legal significance of each fact just in case that significance has been overlooked by the moving party. This is not the duty of a trial court. If a party has an objection to a cause of action or the defense thereto, that party has the obligation to call the matter to the court's attention so the trial judge will have an opportunity to remedy the situation. (See *Estelle* v. *Williams* (1976) 425 U.S. 501, 508, fn. 3 [48 L.Ed.2d 126, 133, 96 S.Ct. 1691].) Moreover, a contrary rule would expose the trial court to having a summary judgment order overturned where the moving party belatedly recognizes the legal significance of an undisputed material fact contained in the moving papers but not brought to the attention of the trial court and raises (via writ petition or on appeal from the ensuing judgment) a claim that the undisputed material fact entitled the moving party to summary judgment as a matter of law. Such a result would be contrary to the general doctrine of waiver. (See *People* v. *Walker* (1991) 54 Cal.3d 1013, 1023 [1 Cal.Rptr.2d 902, 819 P.2d 861]; *California State Auto. Assn. Inter-Ins. Bureau* v. *Antonelli* (1979) 94 Cal.App.3d 113, 122 [156 Cal.Rptr. 369].)

 Accordingly, we conclude that section 437c requires the party seeking summary judgment to state with specificity in its moving papers each of the grounds of law upon which the moving party is relying in contending the action has no merit or there is no defense to the action. If the parties' separate statements of material facts and evidence in support thereof include an undisputed material fact which is dispositive of the action, but the moving party has overlooked the legal significance of that fact and has neglected to cite the applicable ground of law as a basis for summary judgment, the trial court need not address the issue. The court may deny the motion even if the court recognizes the legal significance of the undisputed material fact and knows it would entitle the party to summary judgment if the issue had been explicitly raised in the moving papers.

 In this case, the dispositive facts (plaintiff's speed at the time of the accident and the safe design of the curve for use at that speed) were alleged as undisputed material facts in defendant's summary judgment papers and were not contested in plaintiff's opposition papers. However, the legal significance of these undisputed material facts was not set out as a specific contention in support of defendant's claim that plaintiff's cause of action had no merit, i.e., lack of causation was not explicitly tendered by defendant as a ground for granting summary judgment. Defendant referred to these facts only obliquely when stating in its memorandum of points and authorities in support of the motion for summary judgment: "The speed of 13 m.p.h[.], or

slower when negotiating the [El Manto] curve, which was more than the speed of plaintiff when he was traveling along the curve, was a proper and safe speed in relation to the curve radius."

Even though defendant did not explicitly tender lack of causation as a basis for granting summary judgment, the trial court recognized the legal significance of the undisputed material facts and granted summary judgment on the ground that defendant had negated the issue of causation.

 Plaintiff suggests that, because defendant's moving papers did not seek summary judgment explicitly on the ground that defendant negated the element of causation, the trial court had no power to grant summary judgment on that ground. Plaintiff cites no authority for this contention, and we are not aware of any.[4]

While the trial court may deny a motion for summary judgment because the dispositive ground was not explicitly tendered in the moving papers as required by section 437c, nothing in the summary judgment statute expressly precludes the trial court from granting the motion simply because the operative ground was not expressly raised by the moving party.

Although the moving party's contention that the action has no merit or there is no defense thereto frames the issues for consideration in a summary judgment motion, it is the specification of an undisputed fact as material which, when coupled with the pleadings, establishes the legal significance of the undisputed material fact. (See *FPI Development, Inc., supra,* 231 Cal.App.3d at pp. 381-382.) Thus, even though the moving party has overlooked the legal significance of a material fact, its existence is nonetheless fatal to the cause of action or defense thereto when the material fact is undisputed and entitles the moving party to judgment as a matter of law.

To require the trial court to close its eyes to an unmeritorious claim simply because the operative ground entitling the moving party to summary judgment was not specifically tendered by that party would elevate form over substance and would be inconsistent with the purpose of the summary judgment statute.

The summary judgment procedure provides the court and parties with a vehicle to weed the judicial system of an unmeritorious case which otherwise would consume scarce judicial resources and burden the parties with

---

[4]Plaintiff cites California Rules of Court, rule 311(a), which provides: "A notice of motion shall state in the opening paragraph the nature of the order being sought and the grounds for issuance of the order." However, nothing in this rule dictates that a trial court's authority to grant a motion for summary judgment is limited to the grounds listed in the notice of motion.

the economic and emotional costs of protracted litigation because the lack of merit is not apparent from the face of the complaint or answer. (*Blair* v. *Pitchess* (1971) 5 Cal.3d 258, 284 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206] [summary judgment is intended to determine whether a genuine factual controversy exists and, if not, to resolve the dispute without a full-scale trial, the avoidance of which is a matter of judicial economy and sound social policy]; *DeLeon* v. *Commercial Manufacturing & Supply Co.* (1983) 148 Cal.App.3d 336, 342 [195 Cal.Rptr. 867] [summary judgment protects parties from meritless complaints or answers and expedites the administration of justice by eliminating unnecessary trials].) The procedure permits the court to penetrate the pleadings and ascertain, by means of affidavits, the absence of triable issues of material fact. (*Molko* v. *Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46].) It is in the public interest, including the court's interest in the efficient and economical administration of justice and the parties' interest in the prompt and affordable resolution of unmeritorious cases, to expeditiously rid the judicial system of a case in which a party is entitled to judgment as a matter of law, without requiring protracted litigation and a trial on the matter. (See, e.g., *Reader's Digest Assn.* v. *Superior Court* (1984) 37 Cal.3d 244, 251-252 [208 Cal.Rptr. 137, 690 P.2d 610]; *Blair, supra,* 5 Cal.3d at p. 284; *DeLeon, supra,* 148 Cal.App.3d at p. 342; 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 274, pp. 573-574.)

Consistent with the purpose of the summary judgment statute, we conclude that the trial court has the inherent power to grant summary judgment on a ground not explicitly tendered by the moving party when the parties' separate statements of material facts and the evidence in support thereof demonstrate the absence of a triable issue of material fact put in issue by the pleadings and negate the opponent's claim as a matter of law. (Cf. *Cottle* v. *Superior Court* (1992) 3 Cal.App.4th 1367, 1377 [5 Cal.Rptr.2d 882]; *Weiss* v. *Chevron, U.S.A., Inc.* (1988) 204 Cal.App.3d 1094, 1098-1099 [251 Cal.Rptr. 727]; *Johnson* v. *Banducci* (1963) 212 Cal.App.2d 254, 260 [27 Cal.Rptr. 764]; see also *Bauguess* v. *Paine* (1978) 22 Cal.3d 626, 635 [150 Cal.Rptr. 461, 586 P.2d 942].)

However, when the trial court grants a summary judgment motion on a ground of law not explicitly tendered by the moving party, due process of law requires that the party opposing the motion must be provided an opportunity to respond to the ground of law identified by the court and must be given a chance to show there is a triable issue of fact material to said ground of law.

Otherwise, a party which could have shown a triable issue of material fact put in issue by the complaint or answer but neglected to do so because the

point was not asserted by the moving party as a ground for summary judgment would be deprived unjustly of the chance to demonstrate the existence of a triable issue of material fact which requires the process of trial. Moreover, if the dispositive ground of law was not asserted in the trial court by the moving party and the record fails to establish that the opposing party could not have shown a triable issue of material fact had the ground of law been asserted by the moving party, a reviewing court ordinarily cannot determine if the trial court's decision was correct. (See *Folberg* v. *Clara G. R. Kinney Co.* (1980) 104 Cal.App.3d 136, 140 [163 Cal.Rptr. 426] [appellate courts are powerless to sustain a summary judgment on a new theory where the point was not argued in the trial court *and* "the record does not establish that the opposing party could not have shown a triable fact issue had the point been raised . . . ."]; see also *Constance B.* v. *State of California* (1986) 178 Cal.App.3d 200, 210-211 [223 Cal.Rptr. 645].)

We imply no view on whether due process requires notification of and an opportunity to respond to the "new" ground of law *prior* to the trial court's ruling on the summary judgment motion. Even if that were the rule, there was no infringement of due process in this case because the record reveals the following: although defendant did not expressly argue summary judgment should be granted because the essential element of causation was negated, the point was advanced, albeit obliquely, in the papers submitted to the court; the trial court gave plaintiff notice that the court intended to grant the motion on the ground defendant had negated the element of causation; and plaintiff had an opportunity to identify triable issues of fact material to said ground but was unable to do so.

Plaintiff's complaint put in issue the element of causation when it pleaded that defendant's negligence in designing and constructing the El Manto curve of the American River Bicycle Trail and defendant's creation of this dangerous condition proximately caused plaintiff's injury suffered from a collision which occurred while plaintiff rode through the El Manto curve and lost control of his bicycle.

Although defendant did not cite lack of causation as a ground for its summary judgment motion, defendant in effect argued the point when it stated in its memorandum of points and authorities in support of the motion for summary judgment: "The speed of 13 m.p.h[.], or slower when negotiating the [El Manto] curve, which was more than the speed of plaintiff when he was traveling along the curve, was a proper and safe speed in relation to the curve radius." In support of this contention, defendant submitted Johnson's declaration that the curve was safe at speeds of 13 miles per hour or less; plaintiff's declaration that he had been riding at a nominal speed

between 10 and 12 miles per hour, had slowed "quite a bit" for an approaching ranger's truck at an intersection near the El Manto curve, and then had increased his speed because he "was really going pretty slow"; and the declaration of another rider who testified that plaintiff did not enter the curve rapidly. The supporting papers included a separate statement setting forth plainly and concisely these material facts which defendant contended were undisputed. (§ 437c, subd. (b).)

In opposition to the motion for summary judgment, plaintiff did not deny he was traveling at a speed of 12 miles per hour or less at the time of the accident. Rather, in his response to defendant's separate statement of undisputed facts, plaintiff unsuccessfully objected to the introduction of his deposition testimony "on the grounds that [he] had no speedometer on his bike and he is not qualified as an expert to give an opinion as to speed at the time of the accident." As to safety of the El Manto curve's design, plaintiff submitted the declaration of traffic engineer Allen L. Weber who stated that the El Manto curve had a radius of 25 feet and a sight distance of 60 feet, whereas Caltrans standards predicated on speeds of *20 miles per hour* require a radius of 60 feet and a sight distance of 125 feet.

In reply to plaintiff's opposition, defendant noted that the objection to introduction of plaintiff's deposition testimony had no merit, and argued that plaintiff had not placed in controversy the fact that he was traveling at a speed of 12 miles per hour or less at the time of the accident. Defendant also asserted that plaintiff had failed to controvert defendant's evidence that the curve was designed safely for speeds less than 13 miles per hour.

The trial court informed the parties of its tentative ruling to grant the motion for summary judgment on the ground that defendant negated causation, an essential element of each theory of plaintiff's claim. Oral argument was requested, and a hearing was held.

Plaintiff was given an opportunity to identify triable issues of fact material to the ground relied upon by the trial court. During the hearing, the following colloquy occurred: "THE COURT: . . . [T]he status of the evidence is that the only evidence of speed is 12 miles an hour or under. And if you can through any of those papers point to me any evidence that says [plaintiff] was going faster, I'd like to hear it now. [¶] [PLAINTIFF'S COUNSEL]: We don't have any." On the issue of expert evidence concerning defective design, the court observed that plaintiff's expert offered an opinion only as to safety at a speed of 20 miles per hour; therefore, plaintiff had not contradicted the opinion of defendant's expert that the turn was not a dangerous condition for someone going 12 miles per hour or less.

Noting that it had discretion to grant plaintiff a continuance to present additional facts in opposition to the motion (§ 437c, subd. (h)), the trial court observed: "I don't see any indication that there's any evidence out there that you [plaintiff's counsel] haven't been able to get to." In response, counsel did not seek a continuance to present additional facts. He simply offered to provide a "clarification" of his expert's opinion. The trial court then affirmed its tentative ruling.

Under these circumstances, the trial court was not barred from granting the summary judgment motion on a ground of law raised by the trial court.

II-V*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment of dismissal is affirmed.

Blease Acting P. J., and Raye J., concurred.

---

*See footnote, *ante*, page 59.