Filed 12/17/20; Certified for Publication 1/6/21 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| BRETT LUEBKE, | B302782 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC663628) |
| v. | |
| AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura A. Seigle, Judge. Judgment in favor of the Automobile Club of Southern California is reversed. Judgment in favor of Brent-Air Towing, Inc. is affirmed.

Law Offices of Mauro Fiore, Jr., Mauro Fiore, Jr., Gilbert Perez III and Lisa J. Jackson for Plaintiff and Appellant.

Horton, Oberrecht & Kirkpatrick, Cheryl A. Kirkpatrick; Horton, Oberrecht, Kirkpatrick & Martha, Cheryl A. Kirkpatrick and Peter C.L. Chen for Defendant and Respondent.

_____

Brett Luebke sued the Automobile Club of Southern California (Auto Club) and Brent-Air Towing, Inc. for negligence after he was struck by another vehicle while waiting in his disabled car on the shoulder of a freeway for a response to his call for roadside assistance.  Following Luebke's admission in discovery responses that the Auto Club did not cause "the Incident," the Auto Club and Brent-Air moved for summary judgment on the issue of causation.  Granting the motion, the trial court assumed, without deciding, that Luebke could amend his discovery responses to state the Auto Club's delay in responding to his call was a substantial factor in causing his injuries, but nonetheless held, as a matter of law, no special relationship existed between the Auto Club and Luebke and, therefore, the Auto Club had no duty under tort law to provide any assistance.  On appeal Luebke argues the court erred in granting summary judgment based on an issue not presented in the moving papers.  We agree and reverse the judgment in favor of the Auto Club.  However, because Luebke does not address Brent-Air on appeal, we affirm the judgment in its favor.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *The Pleadings*

In the early evening of June 4, 2015 Tong Yin, an unlicensed driver, lost control of his vehicle and ran onto the shoulder of northbound Interstate 405 near Skirball Center Drive, where his vehicle struck the rear of Luebke's car.  Luebke,

who had coasted to the shoulder of the freeway after his engine died, had been waiting inside his car for more than two hours for roadside assistance after he had contacted the Auto Club.

Luebke filed an unverified Judicial Council form complaint on June 1, 2017, alleging a single cause of action for negligence against the Auto Club, Yin and 25 Doe defendants. The attachment to the complaint alleged, "Defendants negligently, carelessly and recklessly failed to respond to a roadside assistance call. Plaintiff put in a roadside assistance call to defendant. Defendant's driver did not respond to the call in a timely fashion and allowed plaintiff to sit on the freeway shoulder for an unreasonable amount of time and therefore plaintiff's vehicle was then struck by another vehicle. As a result plaintiff sustained property damage and physical injuries as alleged herein."

In an amendment to the complaint filed June 11, 2018, Luebke substituted Brent-Air for Doe 1.

The Auto Club answered the complaint on June 19, 2018 with a general denial, asserting 14 affirmative defenses. Brent-Air answered the complaint on July 23, 2018 with a general denial, asserting 22 affirmative defenses.

2. *Luebke's Discovery Responses*

In response to form interrogatory 14.1 from the Auto Club and Brent-Air asking whether Luebke contended anyone involved in the incident had violated any statute, ordinance or regulation and that violation was "a legal (proximate) cause" of the incident, Luebke stated, "Tony [*sic*] Yin violated Vehicle Code Section 22017." Luebke admitted the Auto Club's request for admission No. 6, "Admit that Automobile Club of Southern

3

California did not cause the INCIDENT."[1]  In response to interrogatories directing Luebke to provide all facts supporting his contention the Auto Club's negligence had caused his injuries, Luebke simply repeated the general statement describing the event that he had provided in the attachment to his form complaint.

In February 2019 the Auto Club and Brent-Air served supplemental discovery requests.  Luebke confirmed his prior responses remained accurate and complete.

3. *The Summary Judgment Motion and Opposition*

The Auto Club and Brent-Air moved for summary judgment on April 18, 2019, arguing summary judgment was warranted because Luebke could not prove causation as a matter of law.  The motion emphasized Luebke's discovery responses: his admission the Auto Club had not caused the incident, his identification of only Yin in the interrogatory asking for all of those who had violated a statute and were the proximate cause of his injuries, and the absence of any specific facts to support his contention regarding the Auto Club's and Brent-Air's negligence.

In his opposition to the motion and supporting materials, filed July 30, 2019, Luebke described the events leading to his injuries.  Luebke called the Auto Club at approximately 5:30 p.m. as he sat parked in his car on the shoulder of the freeway.  He was told a tow truck would be there within 30 to 45 minutes.  A short while later an employee from the Department of Transportation stopped at Luebke's car and asked if he needed a

---

[1]     The Auto Club's requests for admission defined "INCIDENT" as "'INCIDENT' includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding."

4

ride to get gas. Luebke responded that he was waiting for an Auto Club tow truck. By 7:00 p.m., when no tow truck had arrived to help him, Luebke again called the Auto Club. He was told the tow truck had cancelled and a different one would need to be contacted. At approximately 7:30 p.m. Yin's vehicle struck Luebke's.

Luebke's opposition memorandum explained the premise of his complaint against the Auto Club and Brent-Air, which Luebke identified as the tow truck company that had cancelled. Luebke asserted the Auto Club and Brent-Air owed him a duty to exercise due care in providing reasonably safe roadside assistance and had breached that duty by placing him in a situation in which he was exposed to an unreasonable risk of harm through the reasonably foreseeable conduct of third-party drivers, such as Yin. Luebke cited and briefly discussed *Lugtu v. California Highway Patrol* (2001) 26 Cal.4th 703 (*Lugtu*), which held a California Highway Patrol (CHP) officer, in directing a traffic violator to stop in a particular location, had a legal duty to use reasonable care for the safety of those in the vehicle and to exercise his authority in a manner that did not expose them to an unreasonable risk of harm. The Supreme Court also held the negligence of the other driver, who struck the stopped vehicle, did not constitute a superseding cause as a matter of law. (*Id.* at pp. 725-726.) Luebke argued his injuries, like those at issue in *Lugtu*, were caused by the combined negligence of Yin and the Auto Club: "Each was a substantial factor in causing Plaintiff's injuries."

Luebke insisted his answer to form interrogatory No. 14.1 that Yin was the proximate cause of his injuries did not relieve the Auto Club of its concurrent responsibility for the accident.

5

He also contended the word "incident" in the discovery demands was ambiguous and explained he and his attorney had interpreted it in both the form interrogatories and the requests for admission "to be the 'incident' that occurred when Tong Yin drove his vehicle into the shoulder of the northbound I-405 freeway and collided with the back of Plaintiff's vehicle." The opposition continued, "Based on Plaintiff's interpretation of 'incident,' Plaintiff's admission to RFA No. 6 that the Auto Club did not cause [Tong Yin's] incident, does not mean the Auto Club was not a substantial factor in the cause of Plaintiff's damages. These are two different statements with two different meanings." (Italics omitted.) Luebke attached to his opposition papers (as exhibit 4 to the declaration of his attorney Mauro Fiore, Jr.) a copy of his amended response to request for admission No. 6, dated July 24, 2019, which changed "Admit" to "Deny."

In their reply memorandum the Auto Club and Brent-Air first argued Luebke's attempt to withdraw his admission that the Auto Club did not cause the incident was ineffective because any such change required leave of court following a noticed motion. In any event, they asserted, his belated argument the definition of "incident" in the Judicial Council's form discovery documents was ambiguous lacked merit.[2] After repeating their primary

_____

[2] On August 28, 2019—after the completion of briefing on the motion for summary judgment—Luebke moved for leave to amend his response to request for admission No. 6. In support of the motion Luebke's lawyers explained, as they had in their papers in opposition to summary judgment, that they believed the word "incident" in the request for admission referred only to the conduct of Tong Yin, not to the conduct of all three tortfeasors, which would have included the Auto Club and Brent-

6

argument that Luebke's discovery responses established he could not prove causation as a matter of law, the Auto Club and Brent-Air addressed Luebke's discussion of *Lugtu*, *supra*, 26 Cal.4th 703.  In that case, they explained, the CHP officer had directed a driver stopped for speeding to the center median area of the highway rather than the right shoulder.  The Supreme Court held the theory of liability was not that the officer was liable because he failed to come to the driver's aid (nonfeasance), but that the officer's alleged misconduct amounted to malfeasance, creating a serious risk of harm to the plaintiffs to which they would not otherwise have been exposed.  (*Id.* at pp. 716-717.)  Nonfeasance, which is at issue in this case, the Auto Club and Brent-Air argued, is largely limited to cases in which a special relationship can be established.  Yet Luebke "has not alleged a special relationship, nor provided evidence of any such relationship."  Even if he could, they concluded, he still could not overcome his admission that any act or omission by the Auto Club or Brent-Air that amounted to negligent conduct did not constitute a substantial factor in causing the incident.

4. *The Trial Court's Ruling*

The trial court posted a tentative ruling online, heard oral argument on September 11, 2019 and took the matter under submission.  Later that day the court granted the motion.

As to Brent-Air the court explained, "Plaintiff does not name Brent-Air in the complaint, the original discovery responses, the amended discovery responses, or the excerpts from Plaintiff's deposition attached to [Luebke's opposition to the motion].  Plaintiff mentions in passing in his opposition brief that

Air.  The hearing on Luebke's motion was taken off calendar after the court granted the motion for summary judgment.

7

Brent-Air was the tow truck company that cancelled, but Plaintiff submits no evidence supporting that assertion. Accordingly, the original and amended discovery responses establish Brent-Air had no role in the incident."

As for the Auto Club, the court initially noted the parties had directed most of their briefing to whether Luebke's discovery responses had admitted the Auto Club did not cause his damages and whether he could amend his responses to state the Auto Club had caused the damage. The court finessed those issues: "For the purposes of deciding this motion, the Court assumes (without deciding in any way) that Plaintiff has the ability to amend its discovery responses as set forth in Exhibit 4 to the Fiore Declaration."

Notwithstanding this assumed concession to Luebke's position on causation, the court ruled, "[B]ased on the facts set forth in the amended discovery response, Plaintiff cannot establish Auto Club's liability as a matter of law." The court explained Luebke's theory of liability was predicated on the Auto Club's nonfeasance, unlike the situation in *Lugtu*, *supra*, 26 Cal.4th 703. Citing *Mikialian v. City of Los Angeles* (1978) 79 Cal.App.3d 150, which held the plaintiff, struck by a hit-and-run driver while working on a car on the side of the road, did not have a viable negligence claim against law enforcement officers who had failed to place flares on the road for his protection, the trial court stated, "The court in *Mikialian* held such an omission is nonfeasance, and 'a defendant "can be held liable for these negligent omissions only if a special relationship then obtained between him and plaintiff."'" [Citation.] Plaintiff does not contend any special relationship existed between himself and Auto Club, nor could he. A special relationship is not created

8

simply because a person responds to a call for assistance. [Citation.]  There is no legal basis to conclude that Plaintiff's calling Auto Club and Auto Club's responding triggered a special relationship."

Responding to Luebke's argument at the hearing that a special relationship had been created by his contract with the Auto Club, the court commented that the contract was not in the record, but, in any event, Luebke "did not have any legal authority supporting the argument that a contract creates a special relationship such that the breach of a contract can lead to tort remedies.  The law is actually to the contrary."  "Absent intentional conduct intended to harm Plaintiff," the court concluded, "the alleged contractual relationship between Auto Club and Plaintiff did not give rise to a special relationship or tort remedies under California law."

Judgment was entered in favor of both the Auto Club and Brent-Air.  Luebke filed a timely notice of appeal.  Although Luebke identified Brent-Air as a respondent in his notice of appeal and civil case information statement, he does not challenge the ruling in its favor on appeal.

## DISCUSSION

1.  *Standard of Review*

A motion for summary judgment is properly granted only when "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  (Code Civ. Proc., § 437c, subd. (c).)[3]  A defendant may bring a motion on the ground the plaintiff cannot prove one of the required elements of the case or

---

[3]    Statutory references are to this code.

9

there is a complete defense to the action. (§ 437c, subds. (o)(1), (2) & (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849.)

To carry its initial burden when the motion is directed to the plaintiff's case rather than an affirmative defense, a defendant must present evidence that either "conclusively negate[s] an element of the plaintiff's cause of action" or "show[s] that the plaintiff does not possess, and cannot reasonably obtain," evidence necessary to establish at least one element of the cause of action. (*Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at pp. 853-854.) Only after the defendant carries that initial burden does the burden shift to the plaintiff "to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto." (§ 437c, subd. (p)(2).)

We review a grant of summary judgment de novo and, viewing the evidence in the light most favorable to the nonmoving party (*Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618), decide independently whether the facts not subject to triable dispute warrant judgment for the moving party as a matter of law. (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347; *Schachter v. Citigroup, Inc.* (2009) 47 Cal.4th 610, 618.)

2. *The Trial Court Improperly Decided the Issue of Duty*

To prevail on a cause of action for negligence, a plaintiff must establish "'"a legal duty to use due care, a breach of such legal duty, and the breach as the proximate or legal cause of the resulting injury."'" (*Vasilenko v. Grace Family Church* (2017) 3 Cal.5th 1077, 1083; accord, *Beacon Residential Community Assn. v. Skidmore, Owings & Merrill LLP* (2014) 59 Cal.4th 568, 573; see *Regents of University of California v. Superior Court*,

10

*supra*, 4 Cal.5th at p. 618 ["Rosen's negligence suit required her to prove duty, breach, causation, and damages"].) The Auto Club's motion for summary judgment was based solely on the argument Luebke had admitted it was not the cause of his injuries—an argument the trial court rejected based on its assumption for purposes of deciding the motion that Luebke could his amend his earlier discovery responses.[4] Having rejected the sole ground on which the Auto Club moved for summary judgment, the trial court should have denied the motion. (See *Silva v. See's Candy Shops, Inc.* (2016) 7 Cal.App.5th 235, 255 ["[w]here a remedy as drastic as summary judgment is involved, due process requires a party be fully advised of the issues to be addressed and be given adequate notice of what facts it must rebut in order to prevail"]; *San Diego Watercrafts, Inc. v. Wells Fargo Bank* (2002) 102 Cal.App.4th 308, 316 [same]; see also § 437c, subd. (g) [an order granting summary judgment

---

[4] The Auto Club's contention the trial court granted its motion based on Luebke's inability to prove causation, as well as the absence of any duty, wholly mischaracterizes the court's ruling. As discussed, after assuming Luebke could amend his discovery responses, the court stated, "Those amended responses do not create an issue of disputed material fact preventing a grant of summary judgment." The court then described the absence of any allegations or evidence regarding Brent-Air's role in the incident, justifying granting the motion as to it. As for the Auto Club, the court continued, based on the facts set forth in the amended discovery responses, Luebke could not establish his contract with the Auto Club created a special relationship with the company and, accordingly, the Auto Club's alleged nonfeasance breached no duty owed to Luebke. The discussion after the court stated there were no disputed issues of fact concerned duty, not causation.

"shall specifically refer to the evidence proffered [by the moving party] in support of . . . the motion that indicates no triable issue exists"].)

The Auto Club's efforts to justify the trial court's ruling based on an issue it had not raised fail.  First, it argues Luebke tendered the issue of duty by discussing *Lugtu*, *supra*, 26 Cal.4th 703 in his opposition memorandum.  Accordingly, the Auto Club insists, Luebke cannot claim lack of notice or a due process violation when the trial court accepted his invitation to consider the question of duty in ruling on its motion.

Luebke's eight-line discussion of *Lugtu*, however, was limited to explaining his position that he had a viable cause of action for negligence against both Yin, the driver who struck Luebke's car (the immediate cause of the accident), and the Auto Club, based on each defendant's breach of duty and the causal link of those breaches to his injuries.  Nothing about that brief analysis, directed to the question of causation, relieved the Auto Club of its obligation to provide notice of any issue that would be presented by its motion or justified a grant of summary judgment absent identification of undisputed material facts related to those issues in the Auto Club's separate statement.  (See *City of Pasadena v. Superior Court* (2014) 228 Cal.App.4th 1228, 1238, fn. 4 ["""[t]his is the Golden Rule of Summary Adjudication: if it is not set forth in the separate statement, *it does not exist*"""]; *Parkview Villas Assn., Inc. v. State Farm Fire & Casualty Co.* (2005) 133 Cal.App.4th 1197, 1214 [the undisputed material facts must appear in the separate statement or be disregarded]; see also Cal. Rules of Court, rule 3.1350(d)(1) ["The Separate Statement of Undisputed Material Facts in support of a motion must separately identify:  [¶] (A) Each cause of action, claim for

damages, issue of duty, or affirmative defense that is the subject of the motion; and [¶] (B) Each supporting material fact claimed to be without dispute with respect to the cause of action, claim for damages, issue of duty, or affirmative defense that is the subject of the motion"].)[5]

Second, citing *Juge v. County of Sacramento* (1993) 12 Cal.App.4th 59 (*Juge*), the Auto Club contends California law authorized the trial court to grant summary judgment on the issue of duty even though it was not addressed in its motion or separate statement.  As the Auto Club indicates, the court of appeal in *Juge* held a trial court has discretion to grant a motion for summary judgment on a ground identified by the trial court rather than the moving party if application of that law to an undisputed material fact put in issue by the parties' separate statements was dispositive of a cause of action presented by the pleadings.  (*Id.* at p. 62.)[6]

---

[5]     The Auto Club coupled its contention that Luebke had injected the issue of duty into the summary judgment proceedings with the equally specious assertion Luebke's opposition memorandum did not discuss the issue of causation. That claim is refuted not only by examining the memorandum, which argued there are triable issues of fact that the Auto Club and Brent-Air were a substantial factor in the cause of Luebke's damages when Luebke's discovery responses are properly understood, but also by reading the trial court's ruling, which began its discussion by observing the parties' briefs discussed at length whether Luebke's discovery responses admitted the defendants had not caused his damages and whether he could amend those responses.

[6]     Emphasizing the entirely discretionary nature of the authority of the trial court that it was recognizing, the *Juge* court stated, "[S]ection 437c requires the party seeking summary

13

In *Juge* the plaintiff alleged he had been seriously injured when he lost control of his bicycle and crashed into another cyclist while rounding a curve on the county's negligently designed bicycle trail. The county moved for summary judgment based on the affirmative defense of design immunity and another, similar ground, but not lack of causation, alleging as undisputed material facts that plaintiff had been moving at a speed less than 13 miles per hour at the time of the accident and that the curve was safely designed for that speed. The plaintiff failed to dispute these facts. The trial court granted summary judgment, ruling the county had negated causation, an essential element of the plaintiff's cause of action. (*Juge, supra*, 12 Cal.App.4th at pp. 62-63.)

Affirming the judgment the court of appeal reasoned, "Although the moving party's contention that the action has no merit or there is no defense thereto frames the issues for consideration in a summary judgment motion, it is the specification of an undisputed fact as material which, when

judgment to state with specificity in its moving papers each of the grounds of law upon which the moving party is relying in contending the action has no merit or there is no defense to the action. If the parties' separate statements of material facts and evidence in support thereof include an undisputed material fact which is dispositive of the action, but the moving party has overlooked the legal significance of that fact and has neglected to cite the applicable ground of law as a basis for summary judgment, the trial court need not address the issue. The court may deny the motion even if the court recognizes the legal significance of the undisputed material fact and knows it would entitle the party to summary judgment if the issue had been explicitly raised in the moving papers." (*Juge, supra*, 12 Cal.App.4th at p. 68.)

14

coupled with the pleadings, establishes the legal significance of the undisputed material fact. [Citation.] Thus, even though the moving party has overlooked the legal significance of a material fact, its existence is nonetheless fatal to the cause of action or defense thereto when the material fact is undisputed and entitles the moving party to judgment as a matter of law. [¶] To require the trial court to close its eyes to an unmeritorious claim simply because the operative ground entitling the moving party to summary judgment was not specifically tendered by that party would elevate form over substance and would be inconsistent with the purpose of the summary judgment statute." (*Juge*, *supra*, 12 Cal.App.4th at p. 69.)

The *Juge* court, however, added an important prerequisite to the trial court's right to exercise that authority: "[W]hen the court does so, due process of law requires that the party opposing the motion must be provided an opportunity to respond to the ground of law identified by the court and must be given a chance to show there is a triable issue of fact material to said ground of law." (*Juge, supra*, 12 Cal.App.4th at p. 70.) That requirement was satisfied in the case before it, the court of appeal concluded, because the plaintiff had not denied in his opposition papers the material facts set forth by the county that justified the ruling in its favor on the issue of causation and at the hearing on the motion, after being advised the court was inclined to grant summary judgment on that issue, the plaintiff had declined the court's invitation to request a continuance in order to supplement the record with evidence that contradicted the county's showing. (*Id.* at pp. 72-72.)

Whatever we may think of the ultimate holding in *Juge*, its analysis of the requirements for summary judgment mandates

15

reversal here: Unlike the county in *Juge*, the Auto Club's separate statement did not set forth undisputed material facts, uncontested by Luebke, that entitled it to judgment as a matter of law on the issue of duty. And unlike the trial court in *Juge*, the court in this case did not suggest a continuance or otherwise provide an opportunity for Luebke to submit evidence on that previously undisclosed issue.

As the trial court recognized, for purposes of a negligence cause of action based on nonfeasance, Luebke must establish a special relationship existed between him and the Auto Club creating a duty to act, which the Auto Club breached: "'A person who has not created a peril is not liable in tort merely for failure to take affirmative action to assist or protect another unless there is some relationship between them which gives rise to a duty to act.'" (*Regents of University of California v. Superior Court*, *supra*, 4 Cal.5th at p. 619; see Rest.3d Torts, Liability for Physical and Emotional Harm, § 40, subd. (a) ["[a]n actor in a special relationship with another owes the other a duty of reasonable care with regard to risks that arise within the scope of the relationship"].) After seeing the court's tentative ruling to grant the motion on duty, not causation, Luebke attempted to explain at the hearing such a special relationship had been created by his contract with the Auto Club and his reliance on the services it promised to provide in a timely fashion. The trial court rejected that argument, noting the contract was not in the record and, in any event, Luebke's contention a contract could create a special relationship such that its breach would lead to tort remedies was contrary to California law.

The trial court misunderstood the law, as well as its obligations in ruling on a motion for summary judgment. A

16

special relationship may, in fact, arise out of a contractual duty. (See *Jackson v. AEG Live, LLC* (2015) 233 Cal.App.4th 1156, 1177; *Seo v. All-Makes Overhead Doors* (2002) 97 Cal.App.4th 1193, 1203.) """The rule which imposes this duty is of universal application as to all persons who by contract undertake professional or other business engagements requiring the exercise of care, skill and knowledge; the obligation is implied by law and need not be stated in the agreement.""" (*Jackson*, at p. 1177.)

Commonly referred to as the negligent undertaking doctrine, this aspect of the law of duty has traditionally been discussed in the context of a volunteer (a "Good Samaritan") who, having no initial duty to do so, undertakes to provide protective services to another. In those circumstances the volunteer "will be found to have a duty to exercise due care in the performance of that undertaking if one of two conditions is met: either (a) the volunteer's failure to exercise such care increases the risk of harm to the other person, or (b) the other person reasonably relies upon the volunteer's undertaking and suffers injury as a result." (*Delgado v. Trax Bar & Grill* (2005) 36 Cal.4th 224, 249.) But, as explained by Division Eight of this court in *Mukthar v. Latin American Security Service* (2006) 139 Cal.App.4th 284, 289-290, the doctrine may apply whether the actor undertook to provide the services "gratuitously or for consideration."[7] As now

---

[7] "Liability for negligently conducting a gratuitous undertaking has a history that dates back to the early 18th century. Section 323 of the Restatement of Torts addressed the liability of Good Samaritans. Section 323 required only that the actor employ skills actually possessed. A person acting gratuitously for the protection of another who discontinued those services was subject to liability only if the other was left in a

set forth in Restatement Third of Torts, Liability for Physical and Emotional Harm, section 42, Duty Based on Undertaking, "An actor who undertakes to render services to another and who knows or should know that the services will reduce the risk of physical harm to the other has a duty of reasonable care to the other in conducting the undertaking if: [¶] (a) the failure to exercise such care increases the risk of harm beyond that which existed without the undertaking, or [¶] (b) the person to whom the services are rendered or another relies on the actor's exercising reasonable care in the undertaking."[8]

Whether a special relationship existed between Luebke and the Auto Club and whether the Auto Club had a duty of reasonable care in providing its services depend in substantial part on the terms of the contract between Luebke and the Auto Club, as well as whether there was evidence Luebke reasonably relied on the Auto Club to fulfill its contractual obligations and whether the Auto Club failed to do so in a way that increased

---

worse position than if the aid had not been provided. Section 323 did not predicate the duty on reliance or an increase in risk. Section 325 of the first Restatement imposed an affirmative duty based on a promise to engage in an undertaking but required reasonable reliance. [¶] The Second Restatement of Torts substantially expanded the scope of § 323 beyond Good Samaritans by including persons who act pursuant to a contract." (Rest.3d Torts, Liability for Physical and Emotional Harm, § 42, com. a.)

[8] The Supreme Court in *Regents of University of California v. Superior Court*, *supra*, 4 Cal.5th at pages 620 through 621 cited extensively to the rules regarding special relationships contained in Restatement Third of Torts, Liability for Physical and Emotional Harm, section 40 et seq.

18

Luebke's risk of harm.  Far from being undisputed, none of those material facts was even addressed in the Auto Club's separate statement.  Indeed, as the trial court emphasized, the contract between Luebke and the Auto Club was not in the record.  Of course not.  The contract had nothing to do with the question of causation identified by the Auto Club's motion and its separate statement, nor did the reasonableness of Luebke's reliance on the Auto Club to timely provide roadside assistance.

By reaching out to decide an issue not addressed in the Auto Club's moving papers as required by section 437c, the trial court deprived Luebke of his right to oppose summary judgment.  Its ruling cannot stand.

## DISPOSITION

The judgment in favor of the Auto Club is reversed.  The judgment in favor of Brent-Air is affirmed.  Luebke is to recover his costs on appeal.


PERLUSS, P. J.



We concur:




FEUER, J.          RICHARDSON, J.*

---

\*      Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

19

Filed 1/6/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| BRETT LUEBKE, | B302782 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC663628) |
| v. | |
| AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA, | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Defendant and Respondent. | (NO CHANGE IN APPELLATE JUDGMENT) |

THE COURT:

The opinion in this case filed December 17, 2020 was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the appellant's request pursuant to California Rules of Court, rule 8.1120(a) for publication is granted.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion herein be published in the Official Reports.

_____

PERLUSS, P. J.          FEUER, J.          RICHARDSON, J.[*]

---

[*]     Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.