[Civ. No. 24555.   First Dist., Div. Three.   May 13, 1969.]

SOUTHERN PACIFIC COMPANY, Cross-complainant and Appellant, v. PITTSBURGH-DES MOINES STEEL COMPANY, Cross-defendant and Respondent.

Donald O. Roy and Corrigan & Roy for Cross-complainant and Appellant.

Wines, Coffee, Robinson & Nelson and Burton K. Wines for Cross-defendant and Respondent.

DRAPER, P. J.—Appellant Southern Pacific Company was named defendant in an action brought by one Bambrough to recover damages for bodily injuries sustained in a grade crossing accident. The railroad cross-complained against respondent steel company, seeking indemnity under a 1947 written agreement.

This agreement recites that respondent, called "licensee," owns land adjoining the proposed crossing and desires a private road crossing of appellant licensor's tracks. The agreement permits respondent licensee to construct such a crossing, and requires it to "maintain and keep said crossing in good repair," and to keep it "and the flange ways thereof free and clear of all rubbish and debris." No assignment or transfer of the agreement is permitted, and licensee shall not permit its use "by the public or by any person or persons except Licensee, [its] guests, tenants, employees and persons having business with Licensee, it being expressly understood and agreed that said crossing is a private one and is not intended for public use."

Paragraph 7 provides "Licensee shall and hereby expressly agrees to indemnify and save harmless the Licensor . . . from and against any and all loss, damage, injury, cost and expense of every kind and nature, from any cause whatsoever, resulting directly or indirectly from the maintenance, presence or use of said crossing."

Upon answering the cross-complaint, respondent moved for summary judgment. The only supporting declaration set up the claim of Bambrough by quoting the charging allegations of his complaint, which are that appellant "so negligently, recklessly and unlawfully controlled, managed, constructed, operated and maintained" the crossing, and "so negligently, recklessly and unlawfully drove, operated, controlled and maintained" its engine as to cause the collision of an engine and a vehicle driven by Bambrough.

Over appellant's opposition the motion for summary judgment was granted, the cross-complaint dismissed, and judgment entered in favor of respondent.

██ "An indemnity clause phrased in general terms will not be interpreted . . . to provide indemnity for consequences resulting from the indemnitee's own actively negligent acts" (*Markley* v. *Beagle,* 66 Cal.2d 951, 962 [59 Cal.Rptr. 809, 429 P.2d 129] ; *Goldman* v. *Ecco-Phoenix Elec. Corp.,* 62 Cal. 2d 40 [41 Cal.Rptr. 73, 396 P.2d 377] ; *Vinnell Co.* v. *Pacific*

*Elec. Ry. Co.*, 52 Cal.2d 411 [340 P.2d 604]). The record before us, however, contains no assertion as to the cause of Bambrough's injury save his complaint. Under those allegations, Bambrough's proof may establish that appellant's operation of the train caused the collision, thus bringing into play the rule of construction urged by respondent. But it is equally conceivable that it may support only his charging allegation that the collision was caused by the construction and maintenance of the crossing, functions expressly undertaken by respondent and chargeable to it. In this state of the record, the drastic remedy of summary judgment is not appropriate.

We note, too, that what respondent refers to as "magic words" are not always necessary as the circumstances surrounding the execution of the indemnity agreement and the conduct of the parties in relation to it are admissible and may bear upon the question of construction. (See *Harvey Machine Co.* v. *Hatzel & Buehler, Inc.*, 54 Cal.2d 445 [6 Cal.Rptr. 284, 353 P.2d 924].) Under recent decisions (*Delta Dynamics, Inc.* v. *Arioto*, 69 Cal.2d 525 [72 Cal.Rptr. 785, 446 P.2d 785]; *Pacific Gas & Elec. Co.* v. *G. W. Thomas Drayage & Rigging Co.*, 69 Cal.2d 33 [69 Cal.Rptr. 561, 442 P.2d 641]; *Masterson* v. *Sine*, 68 Cal.2d 222 [65 Cal.Rptr. 545, 436 P.2d 561]), evidence of the intent of the parties may be admissible in aid of construction.

Judgment reversed.

Brown (H. C.), J., and David, J. pro tem.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.