[Civ. No. 50642. First Dist., Div. Two. Oct. 1, 1982.]

LEONA MOELLER, Plaintiff and Appellant, v.
DENNIS FLEMING, Defendant and Respondent.

**COUNSEL**

William G. Kinder for Plaintiff and Appellant.

William H. Owen and Owen, Melbye & Rohlff for Defendant and Respondent.

**OPINION**

**MILLER, J.**—Leona Moeller sued Dennis Fleming, an owner of premises at 4888 Kingbrook Drive in San Jose, for damages attributable to injuries she sustained when she fell on a city sidewalk in front of 4888 Kingbrook Drive. The trial court granted Fleming's motion for summary judgment and Moeller appeals. We conclude that Fleming's showing in support of his motion for summary judgment was legally insufficient. Accordingly we reverse.

■ "'Summary judgment is proper *only* if the affidavits in support of the moving party would be sufficient to sustain a judgment in his favor . . . .'" (*Weaver* v. *Superior Court* (1979) 95 Cal.App.3d 166, 183 [156 Cal.Rptr. 745], quoting from *Stationers Corp.* v. *Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785], with italics added.) If the moving party is the defendant he must either negate a necessary element of the plaintiff's case or state a complete defense. (*Frazier, Dame, Doherty, Parrish & Hanawalt* v. *Boccardo, Blum, Lull, Niland, Teerlink & Bell* (1977) 70 Cal.App.3d 331, 338 [138 Cal.Rptr. 670].)

The issues to which (if he were to prevail) Fleming was required to direct his affidavits were those raised by the pleadings. (Cf. *Vanderbilt Growth Fund, Inc.* v. *Superior Court* (1980) 105 Cal.App.3d 628, 635 [164 Cal.Rptr. 621].) Moeller's complaint alleged the elements of a cause of action for negligence in standard form, reciting in pertinent part that Fleming and several fictitiously named defendants "owned, possessed, controlled, managed and maintained, the premises commonly known as 4888 Kingbrook Drive . . . so as to cause it to become in a state of disrepair, to-wit: an irregular break' existed in the sidewalk abutting said premises," that Moeller had tripped over the irregularity and fallen, sustaining the injuries complained of and that the defendants "knew, or in the exercise of ordinary care should have known, of the dangerous and defective condition of said sidewalk and failed to remedy same." Fleming's answer contained general denials and also alleged facts to support rights to setoff and indemnity based on comparative negligence and to raise defenses of assumption of risk and insufficiency of the complaint. Under modern liberal rules (cf. 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, §§ 24-25, 450 et seq., 1056 et seq., 1075 et seq., pp. 1709-1711, 2103 et seq., 2631 et seq., 2651 et seq.) these pleadings afforded Moeller an opportunity to attempt to prove negligence on any of various legal theories. Possible theories suggested

by facts in the record before us include (1) creation or maintenance of an artificial condition on the sidewalk, (2) "negligence per se" by violation of San Jose city ordinances, and (3) maintenance of a natural condition known to have created a hazard on the sidewalk. To be entitled to summary judgment Fleming would have been required to negate at least each of these alternative theories.

Fleming's initial showing addressed only the first theory: He submitted declarations, and a passage from Moeller's deposition, to show that neither he nor his immediate predecessor in interest had repaired or altered the sidewalk and that Moeller was unaware of any alteration to the sidewalk over a period of more than 20 years.

Moeller raised the second theory in her responsive paperwork, quoting two San Jose ordinances which, she maintained, Fleming violated, and asserting that violation of the ordinances gave rise to liability on a theory of negligence per se.

Fleming argues that Moeller raised no triable issue of material fact as to repair or alteration and that Moeller's second theory is refuted by the holding of a Court of Appeal with respect to analogous statutes in *Schaefer* v. *Lenahan* (1944) 63 Cal.App.2d 324, 331-332 [146 P.2d 929]. Assuming without deciding that Fleming is correct in each instance, we nevertheless conclude that Fleming was not entitled to summary judgment, because he did not negate the third theory of recovery, also raised by Moeller in her responsive paperwork.

■ The factual predicate for Moeller's third theory is her assertion that there was a tree on Fleming's property near the break in the sidewalk, that the roots of Fleming's tree caused the break, and that Fleming was aware of the break before the accident occurred. Fleming's only response in this court is that implicit in his reliance on the long-established "general rule ... that an adjoining property owner has no duty to repair the public sidewalk in front of his property, in the absence of some statutory duty imposing such an obligation," unless the property owner has affirmatively altered the sidewalk for the benefit of his own property. (*Holdridge* v. *Drewes* (1968) 257 Cal.App.2d 626, 629 [65 Cal.Rptr. 189].) As it might apply to the effect of Fleming's tree roots upon the adjacent public sidewalk this "general rule" would amount to a special application of what has recently been characterized as "the old common law rule which immunized a possessor of land from liability for injury caused by a natural condition of his land to persons

or property not on his land." (*Sprecher* v. *Adamson Companies* (1981) 30 Cal.3d 358, 360 [178 Cal.Rptr. 783, 636 P.2d 1121].)

But whatever value these traditional immunity rules might once have had for Fleming has now been nullified by our Supreme Court in *Sprecher* v. *Adamson Companies, supra. Sprecher* involved damage to nearby property caused by a natural landslide condition on the defendants' land. On the basis of careful analysis of "the old common law rule" in light of more recent trends in tort doctrine the Supreme Court concluded that "it is clear that a departure from the fundamental concept that a person is liable for the harm caused 'by his want of ordinary care ... in the management of his property ....' (Civ. Code, § 1714) is unwarranted as regards natural conditions of land." (30 Cal.3d at pp. 360, 362-371, 371.) "The question is whether in the management of his property, the possessor of land has acted as a reasonable person under all the circumstances. The likelihood of injury to plaintiff, the probable seriousness of such injury, the burden of reducing or avoiding the risk, the location of the land, and the possessor's degree of control over the risk-creating condition are among the factors to be considered by the trier of fact in evaluating the reasonableness of a defendant's conduct." (30 Cal.3d at p. 372.) The Supreme Court's conclusion in *Sprecher* had been presaged by language in (among other decisions) *Coates* v. *Chinn* (1958) 51 Cal.2d 304, 308-309 [332 P.2d 289], and *Wisher* v. *Fowler* (1970) 7 Cal.App.3d 225, 228-229 [86 Cal.Rptr. 582].

Under the *Sprecher* standard it is conceivable that a trier of fact could find Fleming liable for suffering the roots of his tree to cause, with his knowledge, a dangerous condition on an adjacent public sidewalk. Fleming's affidavits neither negated a necessary element of such a theory nor stated a complete defense to it. It follows that Fleming was not entitled to summary jugment.

The judgment is reversed.

Grodin, P. J., and Girard, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.