[Civ. No. 26157. Third Dist. Aug. 26, 1986.]

BETTY PULTZ, Plaintiff and Appellant, v.
HARRY HOLGERSON, Defendant and Respondent.

COUNSEL

Mastagni, Holstedt & Chiurazzi and Kim Cantil-Cohen for Plaintiff and Appellant.

Shepard & Haven, Ronald R. Haven and Gregory H. Brown for Defendant and Respondent.

OPINION

**BLEASE, J.**—Plaintiff Betty Pultz appeals from a summary judgment in favor of defendant Harry Holgerson in this negligence action. We will reverse the judgment.

*Facts and Procedural Background*

Plaintiff sued Holgerson for injuries incurred when she slipped and fell on the sidewalk abutting his property.[1] The complaint alleges seriatim, by paragraph, that: (¶5) plaintiff "was walking on the sidewalk of the property of defendant[] when due to the negligence of the defendants in failing to keep said sidewalk in a safe condition in accordance with Civil Code § 1714, she fell and sustained injuries"; (¶6) "[D]efendants, . . . were the owners of [the] property located at 3301 C Street and were responsible for the maintenance and repair of said sidewalk"; (¶7) "[D]efendants . . . so neg-

---

[1]The City of Sacramento was dismissed as a defendant in the action. Holgerson's cross-complaint against it is outstanding.

ligently and carelessly managed, maintained, and repaired [the] sidewalk and property [as] to cause the plaintiff . . . to trip and fall causing [her] serious injury"; and (¶8) "As a proximate result of the negligence of defendants, . . . plaintiff was injured . . . ." Holgerson answered with a general denial and an affirmative defense.

Holgerson moved for summary judgment. He conceded as undisputed that the sidewalk abutted his property and that the plaintiff "fell" on it. He contended, however, referring only to paragraph 5 of the complaint, that these facts are not material when measured by the rule that a landowner is not responsible in tort for failure to comply with the statutory duty to maintain an abutting sidewalk (Sts. & Hy. Code, § 5610; *Schaefer* v. *Lenahan* (1944) 63 Cal.App.2d 324 [146 P.2d 929]).[2] He did agree that an abutting landlord may be held liable for the dangerous condition of the sidewalk if it has been altered for his benefit (See *Peters* v. *City & County of San Francisco* (1953) 41 Cal.2d 419 [260 P.2d 55]), but averred that "no changes or alterations have been made to the abutting sidewalk either by me or by anyone authorized by me." This fact was not disputed by plaintiff. On this showing defendant would be entitled to a summary judgment on the theories tendered by paragraphs 5 and 6.

However, another theory of recovery is at issue. Plaintiff responded that the motion did not address the theory of liability alleged in paragraph 7, namely that Holgerson failed to exercise reasonable care in the maintenance of his own property. She expressly relied upon *Moeller* v. *Fleming* (1982) 136 Cal.App.3d 241 [186 Cal.Rptr. 24], a similar case on the facts, for the rule that a possessor of land may be held liable for injuries suffered outside his premises which result from his failure to exercise reasonable care in the management of his property. She introduced a declaration of an investigator that there are "two large trees on [Holgerson's] abutting property" and claimed in her points and authorities that the roots of the two trees may have caused the cracks in the sidewalk. She then argued that "*Moeller* . . . involved circumstances nearly identical to the one presently at issue."

The trial court granted the summary judgment motion stating that "the complaint does not state a cause of action on a *Moeller* theory and [the investigator's] declaration creates no triable issue of fact on such a theory." This appeal followed.

---

[2]Plaintiff does not raise and we do not consider whether the *Schaefer* case was rightly decided.

## Discussion

### I.

 The plaintiff seeks reversal of the summary judgment on the ground that the *Moeller* theory of liability is in issue and that defendant has failed to carry his burden of showing that there are no material facts in dispute which entitle him to a judgment on the theory. In the posture of the case, this tenders a question of pleading.

 A motion for summary judgment addresses the question whether there are dispositive *material* facts which are not in dispute. (Code Civ. Proc., § 437c.) "[M]ateriality depends on the *issues in the case* . . . [citations] . . . . What matters are in issue (and consequently material) is determined mainly by the pleadings, the rules of pleading, and the substantive law relating to the particular kind of case." (Witkin, Cal. Evidence (2d ed. 1966) § 301, p. 265; italics in original; *Andalon* v. *Superior Court* (1984) 162 Cal.App.3d 600, 604-605 [208 Cal.Rptr. 899].)[3] In a summary judgment proceeding it is incumbent upon the parties to identify the material facts which they contend are not in dispute. (Code Civ. Proc., § 437c, subd. (b).) This necessarily implicates the pleadings.

 With respect to a defendant's motion, "the initial duty to define the issues presented by the complaint and to challenge them factually is on the defendant who seeks a summary judgment." (*Conn* v. *National Can Corp.* (1981) 124 Cal.App.3d 630, 638 [177 Cal.Rptr. 445].) "If . . . the plaintiff pleads several theories or anticipates affirmative defenses by a show of excusing events or conditions, the challenge to the opponent is made by the complaint, requiring the moving defendant to affirmatively react to each theory *and* excusing or justifying event, or condition which supports a theory, if the motion is to be successful." (*Id.,* at p. 639; see also *Residents of Beverly Glen, Inc.* v. *City of Los Angeles* (1973) 34 Cal.App.3d 117, 127 [109 Cal.Rptr. 724].) If a defendant is unclear about what theories are tendered by the complaint, there are procedural means by which they may be clarified.[4]

---

[3]"The law and facts of a case bear a chicken and egg relationship. The law identifies the *kinds* of facts which are material to the case. The facts delimit the applicable propositions of law. (See generally, Hart & Sacks, The Legal Process, Basic Problems in the Making and Application of Law (Cambridge tent.ed. 1958) (unpub. manuscript in Harvard Law School library) p. 383.) Properly drafted pleadings display this recursive relationship." (Fns. omitted.) (*Andalon* v. *Superior Court, supra,* 162 Cal.App.3d at pp. 604-605.)

[4]If no theory is evident from the pleadings, a demurrer may be made on the grounds of uncertainty, ambiguity, or unintelligibility or on the ground the pleading does not state facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10, subds. (f) and (e).) Plaintiff's theory or theories of the case can also be determined by the use of discovery methods such as depositions, interrogatories and requests for admissions. (Code Civ. Proc., §§ 2016, 2030.)

## II.

Holgerson did not invoke these methods but *assumed* a theory of liability, predicated only upon paragraph 5 of the complaint, and addressed his factual assertions to that single theory. He did not contend nor offer evidence that there are undisputed material facts whether he failed to reasonably manage his own property.

Holgerson may not have understood that, to obtain a summary judgment, it was his burden to negative all of the theories of liability tendered by the complaint by a showing that, as to each theory, dispositive material facts are not in dispute. Defendant claims that plaintiff failed to include a statement in the investigator's declaration that the roots of the trees on defendant's property were a cause of the defect in the sidewalk on which plaintiff tripped. But plaintiff had no duty to come forward with evidence on a theory that defendant's summary judgment motion did not address.

The question therefore is whether the complaint tenders a cause of action based on Holgerson's negligence regarding the management of his own property.

## III.

In *Sprecher* v. *Adamson Companies* (1981) 30 Cal.3d 358 [178 Cal.Rptr. 783, 636 P.2d 1121], the Supreme Court abrogated the traditional common law rules which immunized a property owner from liability, for injury caused by a natural condition on his land to persons or property outside his premises. Noting that "'the basic policy of this state . . . is that everyone is responsible for any injury caused to another by his want of ordinary care or skill in the management of his property'" (*id.*, at p. 371), the court reversed a summary judgment for defendant, concluding that a triable issue of fact existed as to an uphill landowner's liability for landslide damage to the downhill landowner.

In *Moeller, supra,* 136 Cal.App.3d 241 this doctrine was applied to facts closely resembling those developed here. Plaintiff alleged that defendant had managed and maintained his property "'so as to cause it to become in a state of disrepair, to-wit: an irregular break existed in the sidewalk abutting said premises,'" that plaintiff had tripped over the irregularity and had fallen, sustaining injuries, and that defendant knew, or in the exercise of ordinary care should have known, of the dangerous condition of the sidewalk. (*Id.,* at p. 243.) The property owner moved for summary judgment on the

ground that he had not altered the sidewalk. Plaintiff asserted in her responsive papers that roots from a tree on the owner's property caused the break and that the owner was aware of the situation. The court denied the defendant's summary judgment motion on the ground that the property owner had not negated the essential elements of an alternate theory of liability. The court asserted that the pleadings were susceptible of a reading that the landowner had failed to act reasonably in the management of his property. The court held that under the *Sprecher* standard a trier of fact could conceivably find the property owner liable for "suffering the roots of his tree to cause, with his knowledge, a dangerous condition on an adjacent public sidewalk." (*Id.,* at p. 245.)

Plaintiff made clear in her opposition papers that this was the theory she was relying upon. Since she made no motion to amend the complaint to specify this theory, her defense to the motion rises or falls on the adequacy of the pleading to put that theory in issue.

Plaintiff alleged that defendant was the owner of the property abutting the sidewalk on which she fell and that he "negligently and carelessly managed, maintained, and repaired said sidewalk *and property* whereas to cause the plaintiff herein to trip and fall causing plaintiff serious injury. . . . As a proximate result of the negligence of defendants . . . plaintiff was injured . . . ." (Italics added.)[5]

■ In resolving a pleading issue in a summary judgment proceeding "a liberal construction must be given to the pleadings as well as the affidavits of the party against whom the motion is made, both being given attention. . . . It is not the purpose of the procedure under section 437c to test the sufficiency of the pleadings." (*Eagle Oil & Ref. Co.* v. *Prentice* (1942) 19 Cal.2d 553, 560 [122 P.2d 264].) If a pleading passes muster under the general rules of pleading, it must perforce pass muster under the summary judgment law. We turn to them.

■ A complaint for damages for negligent injury to person or property must allege: (1) defendant's legal duty of care toward plaintiff; (2) defend-

---

[5]This allegation was contained in a different paragraph (par. 7) than was explicitly addressed by defendant (par. 5). Defendant has not claimed an estoppel, i.e., that he was misled by the pleading or plaintiff's conduct, though he may have been confused by the fact that paragraph 7 also mentions defendant's liability for repair of the sidewalk. In any event, defendant cannot claim to have been misled in the summary judgment proceedings because plaintiff put him on notice of her theory by explicitly relying upon *Moeller* in her opposition papers and adducing evidence of the presence of trees on defendant's property. (Cf. *Constance B.* v. *State of California* (1986) 178 Cal.App.3d 200, 210-211 [223 Cal.Rptr. 645].)

ant's breach of duty, i.e., the negligent act or omission; (3) injury to plaintiff as a result of the breach, i.e., proximate or legal cause; and (4) damage to plaintiff. (See 4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 527, p. 558.) No strict requirements exist for the form of such allegations. The legal conclusion that a "duty" exists is not necessary. Here, the duty to exercise reasonable care can be inferred from the assertion of the fact that defendant owned and managed the property.[6] (See 4 Witkin, Cal. Procedure, *supra*, § 531, p. 565.) The negligence element may be generally pleaded; the breach of duty of care may be alleged by stating the act was negligently done.[7] (See *Guilliams* v. *Hollywood Hospital* (1941) 18 Cal.2d 97, 101 [114 P.2d 1]; 4 Witkin, Cal. Procedure, *supra,* Pleading, § 545, p. 577-578.) Here, the complaint alleged defendant's negligent management and maintenance of his property. Proximate cause, as here, may also be simply set forth. (See *Guilliams* v. *Hollywood Hospital, supra,* 18 Cal.2d at p. 102; 4 Witkin, *supra,* Pleading, § 562, pp. 600-601.).

A party is not entitled to a summary judgment if the undisputed material facts set forth are not dispositive of *all* the legal claims tendered by the pleadings. (See *Andalon* v. *Superior Court, supra,* 162 Cal.App.3d at p. 605; *Southern Pac. Co.* v. *Pittsburgh-Des Moines Steel Co.* (1969) 272 Cal.App.2d 809 [77 Cal.Rptr. 748].) The complaint sufficiently alleges facts to support a theory of negligence based upon Holgerson's alleged failure to exercise reasonable care in the management of his property. The trial court improperly granted a summary judgment.

---

[6]Civil Code section 1714, subdivision (a), provides: "Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself." (See also *Rowland* v. *Christian* (1968) 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561].) A land possessor's lack of knowledge of a dangerous condition is no defense to liability; he has an affirmative duty to exercise ordinary care in maintaining the premises in a reasonably safe condition and must therefore inspect them. (Rest.2d Torts, § 343; see 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 592, p. 2860.)

[7]The rule that negligence may be generally pleaded is a departure from the general pleading requirement that particular facts constituting the cause of action be alleged. The general negligence pleading establishes the place and general nature of the incident, but gives no clear notice of the precise act constituting the breach of the duty of care. The rule is justified "on grounds of convenience and fairness: The plaintiff usually does not know the details, and the defendant usually does." (4 Witkin, *supra,* Pleading, § 546, p. 579.) Some commentators have suggested that more particularity is required in the pleadings when the negligence consists of a breach of an affirmative duty (as opposed to active negligence) because a defendant in such a case may have a greater difficulty in ascertaining the alleged negligent action. However, if the complaint points out the particular part of the premises and the particular condition, such as a hole or slippery surface, the defendant is as informed of the case he will have to meet as is a defendant in a case of alleged active negligence. (See 4 Witkin, Cal. Procedure, *supra,* Pleading, § 553, pp. 588-589.) Here, the complaint included facts that the sidewalk was not level and was in a state of disrepair. The defendant was sufficiently made aware of the alleged negligent act.

The judgment is reversed.

Puglia, P. J., and Sparks, J., concurred.