Filed 2/9/23  Norlund v. Norlund CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| SANDRA NORLUND, Individually and as Trustee, etc. | B316527 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20STCV27665) |
| v. | |
| RICHARD NORLUND, Individually and as Trustee, etc., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David Sotelo, Judge.  Reversed with directions.

Law Offices of Mark B. Plummer and Mark B. Plummer for Plaintiff and Appellant.

Rick Edwards, Inc. and Rick Edwards for Defendants and Respondents.

# INTRODUCTION

Richard Norlund, his sister Nancy Hymas, and their sister-in-law Sandra Norlund were cotrustees of a family trust and held title to real property as cotrustees. They agreed to settle litigation among them by having Richard essentially buy out Sandra's and Nancy's interests in the property. Richard, as trustee, transferred the property to himself, as an individual, in exchange for a $1.47 million promissory note payable to himself, as trustee. He then assigned the note to Sandra and Nancy.

After the transaction Richard began making payments on the note to Sandra and Nancy. Each month, however, he withheld three and one-third percent from the portion of the payment attributable to principal (which amounted to approximately $60). Richard contends California law requires him to withhold that amount.

Sandra filed this action against Richard and his wife, Sharon K. Bacon-Norlund, asserting at least two theories. First, Sandra alleged Richard breached the promissory note by failing to pay her the full payment due (i.e., by withholding the $60 each month). Second, Sandra alleged Richard breached the settlement agreement by failing to execute the deed of trust that was supposed to secure the promissory note.

Richard and Sharon filed a motion for summary judgment, which the trial court granted. In their motion, however, they addressed only the first theory in Sandra's complaint; they did not address the second. You can't do that: A party that does not address all claims in the complaint is not entitled to summary judgment. Therefore, we reverse.

2

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Following Litigation and a Settlement, Sandra*
*Receives a Promissory Note*

Richard, Nancy, and Sandra—the widow of Richard and Nancy's deceased brother—were cotrustees of the Norlund Family Trust dated March 16, 1987 (the Trust).  In their capacities as cotrustees, they held title to commercial real estate (the Property).[1]

In 2016 Richard initiated litigation relating to the Trust in Butte County Superior Court, and in 2019 the parties reached a settlement.  Under the settlement agreement, Sandra and Nancy agreed to resign as cotrustees, and Richard agreed (1) to become the sole trustee of the relevant trusts; (2) to transfer the Property from the Trust to himself; (3) to execute, in his individual capacity, a $1.47 million promissory note in favor of himself as trustee, secured by a deed of trust on the Property; and (4) to assign, in his capacity as trustee, the promissory note and deed of trust to Sandra and Nancy.[2]  The note required Richard to make monthly payments of $7,668.22 "applied first toward unpaid

---

[1]     The Trust was divided into Trust A and Trust B.  Richard and Sandra were the cotrustees of Trust A, which held title to a share of the Property.  Richard and Nancy were the cotrustees of Trust B, which held title to the remaining interest in the Property.

[2]     Richard also obtained a share of the Property and executed the promissory note in his capacity as trustee of his separate trust.

3

interest and then to principal at 4.75% per annum interest rate
. . . ."

B.    *Sandra Sues Richard and Sharon*

In April 2019 Sandra filed this action against Richard and
Sharon alleging in her amended complaint a cause of action titled
"judicial foreclosure."[3]  Sandra alleged that Richard defaulted on
the promissory note by failing and refusing "to pay her the agreed
upon $7,668.22 per month required by" the note.  Sandra also
alleged Richard breached the settlement agreement because,
after she approved the proposed form of the deed of trust for
Richard to record with the Los Angeles County Recorder's Office,
Richard modified the terms of the deed of trust so that it did not
refer to the right promissory note.  Specifically, Sandra claimed
that Richard changed the date of the promissory note appearing
on the deed of trust, which meant the date of the promissory note
on the deed of trust did not match the date of her promissory
note, and that he recorded the altered deed of trust without her
approval.  Sandra further alleged Richard, by refusing "to provide
the valid Deed of Trust," breached his agreement to provide
Sandra with "appropriate documentation to allow her to obtain a

---

[3]    Sandra filed the lawsuit in her individual capacity and as
Trustee of the Norlund Family Trust dated September 15, 2000.
She sued Richard as an individual and as successor trustee of
Trust A and Trust B, trustee of the Richard Norlund Separate
Property Trust dated December 11, 1997, and trustee of the
Norlund Family Trust dated May 13, 2019.  She sued Sharon as
an individual and as trustee of the Norlund Family Trust dated
May 13, 2019.  Sandra named Nancy as a nominal defendant;
Nancy is not a party to this appeal.

4

Lender['s] Policy of Title Insurance."  Sandra alleged Sharon
"conspired" with Richard to alter the deed of trust.

   C.     *Richard and Sharon Move for Summary Judgment*
   Richard and Sharon filed a motion for summary judgment
that addressed Sandra's allegations Richard failed to make the
monthly payments required under the promissory note.  Richard
said in his supporting declaration he was paying Sandra and
Nancy $7,668.22 each month, minus three and one-third percent
of the principal owed on each payment.  Richard stated he paid
the portion of the principal he withheld from Sandra and Nancy
to the Franchise Tax Board on their behalf, and he submitted
copies of the checks he had issued to Sandra, Nancy, and the
Franchise Tax Board.  Richard and Sharon argued section 18662
of the Revenue and Taxation Code, and regulations promulgated
by the Franchise Tax Board, required Richard to withhold the
amounts he did.
   Richard and Sharon asserted in their motion that Sandra's
complaint was limited "to a single cause, judicial foreclosure, for
defaults under a promissory note."  Richard and Sharon's only
argument regarding Sandra's other allegations—namely, her
allegations Richard and Sharon breached the settlement
agreement by altering the deed of trust—was that these claims
were not defaults under the promissory note and that therefore
Richard and Sharon would "not take the bait to refute them."
Richard and Sharon, however, did not argue how or explain why
Sandra's allegations regarding Richard and Sharon's breach of
the settlement agreement would not entitle Sandra to her
requested relief, including damages.

5

In opposition to the motion Sandra argued that Richard could only withhold a portion of the principal owed to her under the promissory note if the transfer of the Property qualified as an "installment sale" under the Revenue and Taxation Code (see Rev. & Tax. Code § 18662, subd. (e)(3)(E)(i); see also 26 U.S.C. § 453(b)) and that the transfer of the Property did not qualify. Sandra also argued the court should deny the motion for summary judgment because Richard and Sharon did "not address . . . all of the other grounds upon which [Sandra] base[d] [her] request for relief"; namely, her claims that Richard had altered the deed of trust and that he had prevented her from obtaining a title insurance policy.

In their reply Richard and Sharon argued that, because "the Butte County Superior Court reserved jurisdiction over performance of the settlement agreement," the "alleged breaches of settlement agreement claims belong in Butte"—an argument they did not raise in their moving papers. At the hearing on the motion, counsel for Richard and Sharon again argued that, "if Sandra believes there are breaches of the settlement agreement, she can take those to Butte County."

D.   *The Trial Court Grants the Motion and Enters Judgment Against Sandra*

The trial court granted the motion for summary judgment. The court ruled Richard and Sharon met their initial burden based on the alleged default under the promissory note because the Revenue and Taxation Code and the regulations prescribed by the Franchise Tax Board required Richard to make the monthly withholdings. The court, citing Code of Civil Procedure section 664.6, ruled "[a]ny alleged breaches of the global

6

settlement agreement must be addressed in [a] County far north of Los Angeles." The court entered judgment against Sandra, and Sandra timely appealed.

## DISCUSSION

A. *Applicable Law and Standard of Review*

"A court may grant a motion for summary judgment "'only when 'all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'""" (*Fajardo v. Dailey* (2022) 85 Cal.App.5th 221, 225; see Code Civ. Proc., § 437c, subd. (c); *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.) "A defendant moving for summary judgment has the initial burden of presenting evidence that a cause of action lacks merit because the plaintiff cannot establish an element of the cause of action or there is a complete defense." (*Sabetian v. Exxon Mobil Corp.* (2020) 57 Cal.App.5th 1054, 1068; see Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) "'Only after the defendant carries that initial burden does the burden shift to the plaintiff "to show that a triable issue of one or more material facts exists as to the cause of action . . . ."'" (*Fajardo*, at p. 226; see *Luebke v. Automobile Club of Southern California* (2020) 59 Cal.App.5th 694, 703.)

A defendant moving for summary judgment also has the burden "to identify and respond to all theories of liability reflected in the complaint, 'even if not separately pleaded.' [Citation.] Thus, '[w]hile a plaintiff . . . need sustain its burden of proof only on one of the theories in order to prevail at trial,

7

a defendant who seeks a summary judgment must define all of the theories alleged in the complaint and challenge each factually.'" (*Lopez v. Superior Court* (1996) 45 Cal.App.4th 705, 714; see *Johnson v. Chui* (2011) 199 Cal.App.4th 775, 778 ["a defendant is entitled to summary judgment only when *all* theories of liability have been negated"]; *Farley v. El Tejon Unified School Dist.* (1990) 225 Cal.App.3d 371, 379 ["to prevail on its motion for summary judgment, [the defendant] had the burden of negating every alternative theory of liability presented by the pleadings"].) Where a motion for summary judgment does "'not negate theories of [the defendant's] liability, the trial court should'" rule "'[the defendant] failed to carry [its] initial burden and stop[ ] there.'" (*Hedayati v. Interinsurance Exchange of the Automobile Club* (2021) 67 Cal.App.5th 833, 846; see *Hawkins v. Wilton* (2006) 144 Cal.App.4th 936, 945.)

"'""'We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained.'" [Citation.] We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party.'"" (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347; see *Fajardo v. Dailey*, *supra*, 85 Cal.App.5th at p. 711; *Sabetian v. Exxon Mobel Corp.*, *supra*, 57 Cal.App.5th at pp. 1068-1069.)

> B. *Richard and Sharon Did Not Meet Their Initial Burden To Show All of Sandra's Theories of Liability Lacked Merit*

Sandra argued in the trial court and argues on appeal the court erred in granting the motion for summary judgment

because Richard and Sharon, by failing to address each of the theories of liability alleged in the complaint, did not meet their initial burden. In particular, Sandra argues Richard and Sharon did not address Sandra's theory Richard and Sharon refused to provide the deed of trust to secure the promissory note. To the contrary, Sandra argues, Richard and Sharon "expressly state[d] . . . they [were] declining to address all issues and only address[ed] the single claim they want[ed] to . . . ."[4]

As stated, Richard and Sharon argued in their motion for summary judgment that Sandra's complaint had only one cause of action, "judicial foreclosure for defaults under [the] promissory note." They asserted that, because Sandra's other allegations— including Richard's alleged failure to record the correct deed of trust—were not defaults under the promissory note, they would not attempt in their motion to refute those allegations. Sandra's allegations, however, went beyond Richard and Sharon's alleged defaults under the promissory note. Richard and Sharon did not explain why, or cite any applicable legal authority that, Sandra's allegations Richard breached the settlement agreement, including by failing to record the correct deed of trust, would not entitle her to relief, whether in the form of a judicial foreclosure

---

[4]     At our request both sides submitted supplemental briefs on whether Richard and Sharon failed to meet their initial burden on summary judgment by failing to address in their motion "all theories asserted" in Sandra's complaint and, in particular, whether Richard and Sharon "failed to address Sandra's request for damages based on her allegations Richard and Sharon 'failed and refused to provide the valid deed of trust that they promised as security for the Promissory Note' and 'failed and refused to allow [Sandra] . . . to obtain the promised Lenders Policy of Title Insurance. . . .'"

9

or damages.  Nor did Richard and Sharon contend Sandra did not possess and could not obtain evidence showing Richard failed to record the correct deed of trust.  (See *Kahn v. East Side Union High School Dist.* (2003) 31 Cal.4th 990, 1003; *Barber v. Southern California Edison Co.* (2022) 80 Cal.App.5th 227, 242.)

Thus, while Richard and Sharon stated in their motion that Sandra's complaint "alleges promissory note defaults which are not defaults," they did not argue why—even assuming the alleged breaches of the settlement agreement were not "promissory note defaults"—Sandra could not bring claims for relief in this action based on breaches of the settlement agreement.  (See *Palm Springs Villas II Homeowners Assn., Inc. v. Parth* (2016) 248 Cal.App.4th 268, 288 [summary judgment was improper where the moving party did "not explain how [legal] principles would permit her to obtain summary judgment as to a portion of a cause of action"]; *Juge v. County of Sacramento* (1993) 12 Cal.App.4th 59, 67 [party moving for summary judgment must "set forth with specificity (1) the issues tendered by the complaint . . . which are pertinent to the summary judgment motion and (2) each of the grounds of law upon which the moving party is relying in asserting that the action has no merit"]; see also *Teselle v. McLouhlin* (2009) 173 Cal.App.4th 156, 161-162 ["summary judgment may not be granted when the moving party has failed to 'refute [a] tenable pleaded theor[y]'"].)  In fact, rather than arguing the settlement agreement was separate or irrelevant to Sandra's claims, Richard and Sharon, in arguing Richard was "legally required" to withhold the amounts he did, asserted that the settlement agreement was "incident to" the promissory note and supported their position because its terms "flagged tax law compliance."  Refusing to "take the bait" and

10

address all of Sandra's allegations with admissible evidence and legal authority may be a good strategy at trial, where Sandra has the burden of proof on her claims.  But at the summary judgment stage, it was not.  (See *Y.K.A. Industries, Inc. v. Redevelopment Agency of City of San Jose* (2009) 174 Cal.App.4th 339, 353 ["a moving defendant who claims that the plaintiff cannot prove all the elements of his case must present evidence in support of this claim"; the defendant "cannot simply challenge the plaintiff to prove his case by opposition"].)

To the extent the trial court ruled it did not have jurisdiction or authority to hear Sandra's claim Richard breached the settlement agreement by recording a defective deed of trust and preventing her from obtaining title insurance because the superior court of Butte County (or some other county "far north" of Los Angeles County) retained jurisdiction over the settlement under Code of Civil Procedure section 664.6, the trial court erred.  Again, Richard and Sharon did not move for summary judgment on this ground.  (See *San Diego Watercrafts, Inc. v. Wells Fargo Bank, N.A.* (2002) 102 Cal.App.4th 308, 316; *Luebke v. Automobile Club of Southern California, supra*, 59 Cal.App.5th at p. 705, fn. 6 ["'[s]ection 437c requires the party seeking summary judgment to state with specificity in its moving papers each of the grounds of law upon which the moving party is relying in contending the action has no merit'"]; *Juge v. County of Sacramento, supra*, 12 Cal.App.4th at p. 68 [same].)  They did state in their reply brief that "alleged breaches of settlement claims belong in Butte," but that was too late.  (See *San Diego Watercrafts*, at p. 316 ["Where a remedy as drastic as summary judgment is involved, due process requires a party be fully advised of the issues to be addressed and be given adequate

notice of what facts it must rebut in order to prevail."]; cf. *Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1537-1538 [on summary judgment "'the inclusion of additional evidentiary matter with the reply should only be allowed in the exceptional case'" because "'[p]oints raised for the first time in a reply brief will ordinarily not be considered'"].)

But even if Richard and Sharon had timely and properly raised this argument, the trial court, as counsel for Richard and Sharon conceded at oral argument, erred in agreeing with it. Code of Civil Procedure section 664.6 "provides a summary procedure to enforce a settlement agreement by entering judgment pursuant to the terms of the settlement." (*Hines v. Lukes* (2008) 167 Cal.App.4th 1174, 1182.) "If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement" (Code Civ. Proc., § 664.6), "'without requiring the filing of a second lawsuit'" (*Walton v. Mueller* (2009) 180 Cal.App.4th 161, 168).[5] That a court retains jurisdiction to enforce a settlement under section 664.6 (assuming it does so properly) does not, however, deprive another court of jurisdiction to enforce a settlement agreement in a separate action. "'"[T]he statutory procedure for enforcing settlement agreements under section 664.6 is not exclusive. It is merely an expeditious, valid alternative statutorily created. [Citation.] Settlement agreements may also be enforced by," for example, "a separate

---

[5] While the parties stipulated in the settlement agreement the court would retain jurisdiction under Code of Civil Procedure section 664.6, there is no evidence in the record the court in Butte County entered judgment or retained jurisdiction under section 664.6 pursuant to the parties' request.

12

suit in equity . . . .""" (*In re Marriage of Woolsey* (2013)
220 Cal.App.4th 881, 898; see *Levy v. Superior Court* (1995)
10 Cal.4th 578, 586, fn. 5; *Gauss v. GAF Corp.* (2002)
103 Cal.App.4th 1110, 1122.)  As the court explained in
*MSY Trading Inc. v. Saleen Automotive, Inc.* (2020)
51 Cal.App.5th 395, a court "retain[ing] jurisdiction over [a]
settlement agreement pursuant to Code of Civil Procedure
section 664.6 . . . only means the [court] *could* exercise
jurisdiction without requiring a separate action on the settlement
agreement.  It does not mean it is the *only* court with jurisdiction
to adjudicate the settlement agreement," at least where there is
no pending action or motion to enforce the settlement.  (*Id.* at
pp. 404-405.)[6]  Section 664.6 does not prevent Sandra from
bringing claims for breach of the settlement agreement and
breach of the promissory note in Los Angeles County.[7]

---

[6]     The record reflects that, after the court granted Richard
and Sharon's motion for summary judgment in this action,
Sandra filed a new action in Butte County Superior Court
alleging Richard and Sharon breached the settlement agreement.

[7]     The record does not include a complete copy of the
settlement agreement and the exhibits.  One provision of the
portion of the settlement agreement that is in the record stated:
"This Agreement may be enforced by any Party hereto by a
motion under Code of Civil Procedure section 664.6 or by any
other procedure permitted by law in the Superior Court of
California, County of Butte."  This provision did not require the
parties to bring all actions to enforce the settlement agreement in
Butte County, or prohibit them from bringing actions in other
jurisdictions.  (Cf. *Animal Film, LLC v. D.E.J. Productions, Inc.*
(2011) 193 Cal.App.4th 466, 471 [where a forum selection clause

Richard and Sharon contend that, even if they breached the settlement agreement, the breach does not entitle Sandra to bring an action for judicial foreclosure. They do not, however, cite any applicable authority governing when a party may obtain a judicial foreclosure (nor did they do so in the trial court). Moreover, while Sandra may have labeled her cause of action as one for "judicial foreclosure," the relief she requested was not limited to a court order directing the sale of the Property; she also sought damages for Richard's alleged breach of the settlement agreement. (See *City of Glendale v. Marcus Cable Associates, LLC* (2014) 231 Cal.App.4th 1359, 1378 [when an appellate court reviews an order granting summary judgment, "the label attached to a complaint or a cause of action does not control"].) In particular, Sandra alleged Richard's alteration of the deed of trust "rendered [it] unenforceable and worthless as the security instrument that it was promised," and she sought monetary damages according to proof.[8]

---

"'merely provides for submission to jurisdiction and does not expressly mandate litigation exclusively in a particular forum, then the traditional forum non conveniens analysis applies'"].)

[8] In their separate statement of undisputed material facts filed in support of their motion for summary judgment, Richard and Sharon listed as an undisputed fact that Sandra's complaint was "confined to judicial foreclosure," which Sandra did not dispute. By not disputing that "fact," however, Sandra was not abandoning all requested relief based on Richard and Sharon's breaches of the settlement agreement, which she pleaded within her cause of action labeled "judicial foreclosure." (See *Pultz v. Holgerson* (1986) 184 Cal.App.3d 1110, 1116 ["[i]n resolving a pleading issue in a summary judgment proceeding "'a liberal

14

Richard and Sharon also contend Sandra represented in a brief filed in opposition to a motion they filed to change the venue of this action to Butte County (a motion the court denied) that she was only pursuing a judicial foreclosure claim.[9] In her original complaint, Sandra asserted causes of action for fraud and intentional interference with prospective economic advantage, as well as a cause of action for judicial foreclosure. In her opposition to the motion to change venue, Sandra stated "an election of remedies was made . . . whereby [she] decided to proceed by way of a judicial foreclosure to the exclusion of tort claims for damages, which are now moot." All that Sandra stated in the passage Richard and Sharon cite, however, was that she was no longer pursuing her tort claims. She did not state she was abandoning all claims for relief based on breach of the settlement agreement or that she was not seeking to hold Richard and Sharon personally liable. Indeed, in response to Sandra's argument, Richard and Sharon conceded: "'This is a Breach of Contract case where Judicial Foreclosure is an available remedy.'" Because breach of the settlement agreement was one of the theories Sandra alleged, Richard and Sharon had to address it in their motion for summary judgment. They did not. Sandra's complaint may not have been the most artfully drafted pleading,

construction must be given to the pleadings . . . of the party against whom the motion is made"].)

[9] Richard and Sharon's motion to augment the record on appeal to include this document is granted. (See Cal. Rules of Court, rule 8.155(a).)

but that did not relieve Richard and Sharon of their initial moving burden on summary judgment.[10]

## DISPOSITION

The judgment is reversed. The trial court is directed to vacate its order granting Richard and Sharon's motion for summary judgment and to enter a new order denying the motion. Sandra is entitled to recover her costs on appeal.

SEGAL, J.

We concur:

PERLUSS, P. J.

FEUER, J.

---

[10] We do not reach, and express no opinion on, the merits of the trial court's ruling there was no default under the promissory note because the Revenue and Taxation Code and related regulations required Richard to make the monthly withholdings.