Filed 5/23/24  Perry v. Blue Shield of Cal. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| DYLAN SCOTT PERRY, | B332384 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22STCV27904) |
| v. | |
| BLUE SHIELD OF CALIFORNIA, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teresa A. Beaudet, Judge.  Affirmed.

Dylan Scott Perry, in pro. per., for Plaintiff and Appellant.

Foley & Lardner, Kimberly A. Klinsport and Jason Y. Wu, for Defendant and Respondent.

Appellant and plaintiff Dylan Scott Perry filed a complaint alleging that "Blue Shield of California" cancelled his health insurance policy without notice. Respondent and defendant California Physicians' Service dba Blue Shield of California demurred to the amended complaint. After sustaining the demurrer without leave to amend, the trial court entered a judgment of dismissal. Appellant contends the trial court erred in "placing sanctions" on him because he "never sued, nor served [respondent] with a complaint." He argues that he "sued and served" a different entity, "Blue Shield of California Health and Life Insurance Company." We affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

The following material allegations are taken from the initial complaint. Appellant signed up for healthcare coverage and received receipts of payment, welcome letters, and an insurance card from "Blue Shield of California." Without notice, the policy was cancelled, and appellant learned he was uninsured when he sought medical treatment. Appellant did not want money, but only to "enforce the law that states: 'an insurance company must give a policyholder written notice of cancellation at least 30 days before cancelling the policy.[']" Appellant did not attach a copy of the policy to the complaint, plead contractual terms that were violated, identify the quoted law, or describe a theory of recovery. He did not attempt to plead the elements of any cause of action. The complaint did not mention an entity named "Blue Shield of California Health and Life Insurance Company," either in the caption or body of the pleading.

Respondent demurred to the complaint on the grounds of uncertainty, failure to state facts sufficient to constitute a cause

2

of action, failure to identify a statute that conferred a private right of action, and failure to plead damages exceeding the jurisdictional minimum. The trial court sustained the demurrer with leave to amend.

Appellant filed an amended complaint, which again did not mention Blue Shield of California Health and Life Insurance Company. He deleted many of the previous factual allegations, as well as the allegation that a law required 30 days' notice of cancellation. He added allegations that "Blue Shield of California" cancelled his policy without sufficient notice in violation of an unspecified law, caused him emotional distress, and falsely stated a cancellation letter had been sent to him. He requested $100 million in restitution. Once again, he did not attach a copy of the policy, identify a contractual term that was breached, identify a law that was broken, or name any theory of recovery, and he did not attempt to plead the elements of any cause of action.

Respondent demurred to the amended complaint, again asserting uncertainty, failure to state a cause of action, and failure to plead damages sufficiently. No written opposition was filed. The trial court sustained the demurrer, based on uncertainty and failure to state a cause of action, without leave to amend. The court entered judgment of dismissal with prejudice for respondent.

## DISCUSSION

### A. Appellant has Forfeited His Challenges to the Judgment

Appellant seems to argue that the trial court incorrectly entered judgment in favor of respondent and imposed sanctions

3

against him in respondent's favor because appellant did not sue respondent. We conclude appellant's claim of error has been forfeited, as appellant never raised it in the trial court. (*In re Ricky T.* (2013) 214 Cal.App.4th 515, 522 [if a party fails to raise an error in the trial court so that it may be corrected, the reviewing court ordinarily will consider the claim of error forfeited].)

In the trial court, appellant was on clear notice that the appearing defendant was not "Blue Shield of California Health and Life Insurance Company," the entity appellant contends he "sued and served." Respondent's full name was disclosed in the demurrers, the trial court's orders, and the notices of ruling. The caption of respondent's papers stated it had been "erroneously sued" simply as "Blue Shield of California," the fictitious name under which it is registered to do business.[1]

---

[1] Respondent has requested judicial notice of the documents marked as Exhibits A through J. Exhibits A and B are file-stamped copies of Statements of Information filed with the California Secretary of State for California Physicians' Service and Blue Shield of California Life & Health Insurance Company, respectively. Exhibit C is a printout from the website of the Clerk-Recorder of Alameda County showing that the fictitious name "Blue Shield of California" is registered to California Physician's Service. We grant the motion as to these exhibits. (Evid. Code § 452, subds. (c), (h); see *Kalnoki v. First American Trustee Servicing Solutions, LLC* (2017) 8 Cal.App.5th 23, 37 [judicial notice of records of Secretary of State]; *Villareal v. LAD-T, LLC* (2022) 84 Cal.App.5th 446, 465, fn. 3.) [judicial notice of fictitious business name registration].) Exhibits D through J are filings from five other lawsuits filed by appellant. We deny the motion as to these exhibits. (See *Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 748, fn. 6 [declining to take judicial notice of materials not "necessary, helpful, or relevant"].)

4

Appellant does not direct us to any filing or proceeding below in which he objected to respondent's appearance or opposed entry of judgment for respondent.  Indeed, appellant did not file an opposition to the demurrer to the amended complaint.  He never argued that the trial court should overrule the demurrer on any basis, including that he sued and served a different company.[2]  He has thus forfeited this argument on appeal.

## B.     The Trial Court Did Not Err in Entering Judgment for Respondent

Even if appellant had not forfeited his claim of error, we would affirm the judgment.  "'[W]e apply the de novo standard of review in an appeal following the sustaining of a demurrer without leave to amend.  [Citation.]'" (*United Talent Agency v. Vigilant Ins. Co.* (2022) 77 Cal.App.5th 821, 829, citation omitted.)  "[T]he appellant has the burden of affirmatively showing error." (*Ibid.*, citation omitted.)  The appellant also "'has the burden of providing an adequate record,'" and "'[f]ailure to provide an adequate record on an issue requires that the issue be resolved against the [appellant].'" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)

Respondent was entitled to a judgment of dismissal with prejudice.  Appellant named and made allegations against

---

[2]     In the reply brief, appellant argues he sent respondent's counsel an email asking, "This company I'm suing, did they sell me health insurance?"  We do not consider this message, as it is not part of the record. (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 102 ["Factual matters that are not part of the appellate record will not be considered on appeal and such matters should not be referred to in the briefs"].)  In any event, a query to counsel was not an objection, and nothing suggests the message was ever presented to the trial court.

5

defendant "Blue Shield of California."  The entity to which that fictitious business name is registered—respondent—appeared by filing a demurrer.  After that demurrer was sustained for failure to state a cause of action and uncertainty, appellant filed an amended complaint that did not cure these defects.  Once again, he did not allege a contractual term, a law, or a duty of care that respondent violated, nor facts suggesting he justifiably and detrimentally relied on a false statement of fact.  He did not identify any cause of action, at the trial court or on appeal, that his allegations would support.

When respondent demurred to the amended complaint, appellant neither filed an opposition nor requested leave to amend, allowing us to "'presume[ ] that [appellant] ha[d] stated his case as strongly as it can be stated in his favor and all ambiguities and uncertainties must be resolved against him.'" (*Wilson v. Loew's Inc.* (1956) 142 Cal.App.2d 183, 196.)  The trial court correctly sustained the demurrer based on uncertainty and failure to state a cause of action, without leave to amend.  (See *Pultz v. Holgerson* (1986) 184 Cal.App.3d 1110, 1114, fn. 4 ["If no theory is evident from the pleadings, a demurrer may be made on the ground[ ] of uncertainty . . .  or on the ground the pleading does not state facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10, subds. (f) and (e)"].)  Consequently, there was no error in its entering judgment of dismissal for respondent.  (See *Berri v. Superior Court of San Francisco* (1955) 43 Cal.2d 856, 860 [after a demurrer is sustained without leave to amend, "[t]he entry of a judgment of dismissal follows as a matter of course"].)

In sum, appellant has presented us with no cognizable basis for reversing the judgment.

## C. Appellant has Forfeited Any Error Concerning an Award of Sanctions

Appellant's second assertion of error is that "sanctions" were wrongfully imposed against him. However, he has not directed us to an order awarding sanctions. Because the record is inadequate to permit us to review appellant's claim of error, appellant has not met his burden of showing the trial court committed an error that justifies reversal. (*Jameson v. Desta, supra,* 5 Cal.5th at p. 609.)

To the extent appellant is referring to the judgment's decree that respondent "shall be entitled to recover its costs of suit . . . ," appellant has forfeited any challenge to respondent's entitlement to costs by failing to assert the error below (*In re Ricky T., supra,* 214 Cal.App.4th at p. 522), and by failing to include relevant filings in the record. (*Jameson v. Desta, supra,* 5 Cal.5th at p. 609.) In any event, there was no error because respondent was a "defendant in whose favor a dismissal [was] entered," and hence, was the "prevailing party" "entitled as a matter of right to recover costs . . . ." (Code Civ. Proc., § 1032, subds. (a)(4) and (b).) [3]

---

[3] We decline to consider other errors mentioned for the first time in appellant's reply: (1) the demurrer was sustained in error because appellant alleged sufficient facts to state a cause of action; (2) dismissal violated his right to a jury trial; and (3) dismissal with prejudice was erroneous. "New arguments may not be raised for the first time in an appellant's reply brief;" such arguments are forfeited. (*High Sierra Rural Alliance v. County of Plumas* (2018) 29 Cal.App.5th 102, 130, fn. 2.)

**DISPOSITION**

The judgment is affirmed.  Respondent is awarded its costs on appeal.

MORI, J.

We concur:

CURREY, P. J.

COLLINS, J.